# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

#### AT THE

## MARCH TERM, 1901.

---

### COOPER *v.* PORTNER BREWING COMPANY *et al.*

1. This court has no jurisdiction to entertain a motion for a rehearing at a term subsequent to that at which the judgment in the case was rendered.
2. A motion to modify an unconditional judgment by this court so as to make the same a judgment with given directions can not be entertained at a term subsequent to that at which the judgment was originally rendered.

Submitted March 7,—Decided March 25, 1901.

Motions for rehearing, etc.

*William K. Miller* and *Boykin Wright*, for movant.

CObb, J. On February 28, 1901, during the October term, 1900, of this court, the case of *Cooper* v. *Portner Brewing Company et al.* was decided. 112 *Ga.* 894. The October term expired by operation of law and was formally adjourned on March 2, 1901. On March 7, 1901, the plaintiff in error caused to be deposited in the office of the clerk of this court a written motion, which asked, first, for a rehearing on the point made in the cross-bill of exceptions filed by the defendants, that separate counts in a petition must be complete in themselves, and one count can not by reference adopt facts stated in another; the ruling in the case being in favor of the contention of the defendants; and, second, that if a rehearing is not granted, by judgment of this court plaintiff be allowed to amend the petition in the court below, and that a direction to this effect be made in the judgment.

While the judgments of this court are completely under its control during the term at which they are rendered, until the remit-

titur has been transmitted to the court below, still there is no authority in this court, derivable from any statute or rule of court, to set aside, alter, or amend one of its judgments at a term subsequent to that at which the judgment was rendered. The right of the court to keep under its own control during the term the judgments rendered by it, until the remittitur has been transmitted to the court below, has given rise to the practice of allowing motions for rehearing to be filed, although a rehearing by this court in any case is not referred to in any way either in the constitution or statutes of the State. The only reference to the matter of a rehearing in the law of this State is in Rule 35 of this court, as amended February and March, 1900; that part of the rule referring to this subject being in the following language: "The remittitur from this court . . shall be transmitted to the clerk of the trial court as soon as practicable after the expiration of ten days from this court's approval of the minutes containing the judgment. No motion for a rehearing will be considered by this court unless the same is filed in the office of the clerk thereof during the term at which the judgment sought to be reviewed was rendered, and before the remittitur in the case to which said motion relates has been forwarded to the clerk of the trial court." The motion for a rehearing in the present case not having been presented until after the term at which the judgment was rendered had adjourned, this court has no jurisdiction to entertain the same. This is true notwithstanding the fact that the motion was presented and actually lodged in the clerk's office before the expiration of ten days from the date of the judgment; that provision in the rule in reference to motions for rehearings being presented within ten days being, by the terms of the rule itself, only applicable when the term at which the judgment was rendered continues more than ten days after the date of the judgment. The motion for a rehearing must be denied. It follows from what has been said that the motion of the plaintiff in error to have the judgment so amended as to expressly permit him to amend his declaration in the court below before the remittitur is entered upon the minutes must also be denied, as this court can not in any way change the judgment as it was rendered at the October term, 1900.

While we can not make any authoritative ruling on the right of the plaintiff to amend in the court below at any time before the

remittitur is entered on the minutes of the trial court and made the judgment of that court, we do not deem it inappropriate to call attention to the rule in regard to such matters, as it seems to be settled by the former decisions of this court; and that is, that if the effect of the judgment under review in this court is to dismiss the case entirely, and that judgment is affirmed, the plaintiff has no right to amend when the remittitur reaches the court below. On the other hand, if the effect of the judgment of the court below is not to dismiss the case or proceeding, and that result will not follow until the judgment of this court has been made the judgment of the court below, then the right to amend continues until the judgment of this court is actually made the judgment of the trial court. See *Savannah, Florida and Western Railway Company* v. *Chaney*, 102 *Ga.* 814, and cases cited.

*Motions denied. All the Justices concurring.*