SEABOARD AIR-LINE RAILWAY *et al. v.* JONES.

BY THE COURT.    1. The Supreme Court will, during the term at which a judgment is rendered, and before the remittitur has been forwarded to the clerk of the trial court, when dissatisfied with the judgment, of its own motion order a rehearing of the case.

2. There being no law expressly authorizing the parties to a case to apply for a rehearing, whether such application will be entertained, and, if entertained, what disposition shall be made of it, are questions addressed entirely to the sound discretion of the court.

3. No such application will be entertained in any case after the remittitur has been forwarded to the clerk of the trial court, even though presented during the term and before the remittitur has reached the office of the clerk of the trial court.    See, in this connection, *Cooper* v. *Brewing Co.,* 113 *Ga.* 1.

4. In the absence of a statute regulating the matter, the court may by rule fix the time in which the remittitur shall be forwarded to the clerk of the trial court.

5. Under existing rules, unless otherwise ordered, the remittitur is required to be forwarded to the clerk of the trial court " as soon as practicable after the expiration of ten days from this court's approval of the minutes containing the judgment."    Rule 35, as amended February and March, 1900.    See 108 *Ga.* VI.

6. Whether the remittitur shall be forwarded earlier than the time fixed in the above rule is a question addressed to the discretion of the court.

7. The mere fact that the six Justices are evenly divided in opinion as to what should be the judgment in a case, and that as a result of such division the judgment of the trial court stands affirmed by operation of law, is no reason for granting a rehearing in a case.

8. A rehearing will be granted, on motion of the losing party, only when it appears that the court has overlooked a material fact in the record, a statute, or a decision which is controlling as authority and which would require a different judgment from that rendered.

9. After a judgment of the Supreme Court has been pronounced and entered upon its minutes, and the remittitur issued and transmitted to the trial court and there received, the Supreme Court loses jurisdiction over the case,

and can make no further order having the effect to alter or change the judgment pronounced. Aliter where the remittitur has been transmitted as the result of mistake, irregularity, inadvertence, fraud, or the like. *Zorn* v. *Lamar*, 71 *Ga.* 85; *Hayes* v. *State*, 91 *Ga.* 43; *Legg v.* Overbagh, 4 Wend. 188, 21 Am. Dec. 115, and notes; 13 Enc P. & P. 864. See also, in this connection, *Cooper* v. *Brewing Co.*, 113 *Ga.* 1; *Knox* v. *State*, 113 *Ga.* 930.

10. It follows from the foregoing that the Supreme Court can not recall its remittitur after the same has been filed in the office of the clerk of the trial court, where it has been regularly issued and transmitted in accordance with the deliberate order and judgment of the Supreme Court. 13 Enc. P. & P. 865.

11. The application for leave to file a motion for a rehearing in the present case is denied.  *Application denied. All the Justices concur,*

Submitted April 4, — Decided April 9, 1904.

*J. Randolph Anderson,* for movant.