### 22055. LACEY *v.* THE STATE.

BROYLES, C. J. 1. An indictment for robbery, which charges that the accused did "wrongfully, fraudulently, and violently, by force and intimidation, take certain money, goods, and chattels, to wit, five hundred and twenty dollars, lawful money and of the value [of] five hundred and twenty dollars, from the person of Park Ford, the owner thereof, without the consent of him, the said Park Ford," etc., sufficiently charges the offense of robbery, the charge being substantially in the

language of section 148 of the Penal Code of 1910, defining the offense of robbery. "The word 'fraudulently,' in the connection in which it is used, implies an intent to steal." *Holland* v. *State*, 8 *Ga. App.* 202 (68 S. E. 861). The holding in *Sledge* v. *State*, 99 *Ga.* 684 (26 S. E. 756), that in an indictment for robbery, it is necessary to allege "an intent to steal," is obiter dictum, and therefore is not binding as a precedent on this court.

2. Under the ruling in *Humphries* v. *State*, 100 *Ga.* 260 (28 S. E. 25), and *Maxwell* v. *State*, 9 *Ga. App.* 875 (72 S. E. 445), the money alleged to have been taken forcibly and fraudulently by the accused was sufficiently described in the indictment in the instant case.

3. It was not necessary for the indictment to allege "how or in what manner the defendant employed force, or what constituted force and intimidation in the act alleged."

4. Under the above-stated rulings the indictment was not subject to any ground of the demurrer interposed, and the demurrer was properly overruled.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED FEBRUARY 17, 1932.

*M. B. Eubanks*, for plaintiff in error.
*M. Neil Andrews*, solicitor-general, *Horace D. Shattuck*, contra.

