RUTHERFORD *v.* THE STATE.  THOMAS *v.* THE STATE.

No. 11421.  November 11, 1936.

*J. L. Wallace, W. B. Mebane,* and *F. C. Oates,* for plaintiffs in error.

*James F. Kelly, solicitor-general,* and *J. Ralph Rosser,* contra.

Bell, Justice.  ■  The first question is answered in the negative.  In *Holland* v. *State,* 8 *Ga. App.* 202 (68 S. E. 861), it was

held that an indictment in the language of the definition of robbery as given in the Code is not subject to demurrer upon the ground that it does not allege an intent to steal, such intent being implied by the word "fraudulent" as used in the statute. Code, § 26-2501. A similar ruling was made in *Lacey* v. *State,* 44 *Ga. App.* 791 (163 S. E. 292), where it was pointed out that the statement to the contrary in *Sledge* v. *State,* 99 *Ga.* 684 (2) (26 S. E. 756), was obiter dictum, and therefore not binding as a precedent. The question now presented was directly involved in each of the cases decided by the Court of Appeals, and this court is of the. opinion that those rulings were correct. See, in this connection, Code, § 27-701; State *v.* Brown, 113 N. C. 645 (185 S. E. 51) ; 18 Enc. Pl. & Pr., 1218.

■ The decision in *Sledge* v. *State,* supra is authority, however, for the proposition that "an intent to steal is a substantive element in the commission of the offense of robbery," and that an *instruction* in the language of the Code is not a sufficient definition of the offense, for the guidance of the jury. This point was directly involved in the *Sledge* case, and to that extent the decision *is* binding. Since the ruling was concurred in by all the Justices, it is binding not only upon the Court of Appeals, but also upon this court so long as it is not overruled in the manner prescribed by law. See also *Crawford* v. *State,* 90 *Ga.* 701 (17 S. E. 628, 35 Am. St. R. 242). We therefore answer the second question by stating that the language of the Code is not a sufficient definition of the offense, in a charge to the jury. Whether or not a failure to charge in specific terms regarding an intent to steal may be held "reversible error" will depend upon the circumstances of the particular case, including the issues developed by the evidence, and the defendant's statement, if any. *All the Justices concur.*