## RICHARDSON v. THE STATE.

No. 17221. October 10, 1950.

374

*O. E. Scott* and *Davis & Friedin,* for plaintiff in error.
*Eugene Cook, Attorney-General, Harvey L. Jay, Solicitor-General, J. R. Parham, Assistant Attorney-General,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ There is no merit in the general grounds of the motion for new trial. The State's evidence, as it appears from our statement of the facts, abundantly proved the crime of murder as charged in the indictment; and this is true because a confession of guilt, when freely and voluntarily made, is direct evidence of the highest character (*Eberhart* v. *State*, 47 Ga. 598; *Pressley* v. *State*, 201 *Ga.* 267, 39 S. E. 2d, 478); and when corroborated by proof of the corpus delicti, as in this case, is sufficient to authorize a conviction. Code, § 38-420; *Burns* v. *State*, 188 *Ga.* 22 (3), 28 (2 S. E. 2d, 627); *Moore* v. *State*, 193 *Ga.* 877 (20 S. E. 2d, 403); *Reddick* v. *State*, 202 *Ga.* 209 (42 S. E. 2d, 742), and cases there cited.

■ Special ground 1 of the amended motion for new trial alleges: "That the court erred in failing and refusing to charge the jury upon the law of manslaughter, after being orally requested to so charge by the defendant's attorney, and that said failure and refusal to charge was detrimental to the sole and only defense of the defendant, to wit, that the homicide was without intention to kill and without malice." It is well settled that this ground of the motion is too vague and indefinite to raise any question for determination by this court. "It fails to point out whether the court should have charged on the subject of voluntary or involuntary manslaughter." *Miles* v. *State*, 182 *Ga.* 75 (4) (185 S. E. 286). See also *McLendon* v. *State*, 205 *Ga.* 55 (52 S. E. 2d, 294).

■ Special grounds 2 and 3 complain of the court's failure, without request, to charge on the subject of intoxication as an excuse for crime, and the two grounds are so related that they may be considered together. It is declared in the Code that drunkenness shall not be an excuse for any crime or misdemeanor, unless it was occasioned by the fraud, artifice, or contrivance of another person for the purpose of having a crime perpetrated. Code, § 26-403. Concerning the complaint here made on that subject, it is sufficient to say that, if the accused was drunk at the time the offense is alleged to have been committed, his drunkenness was unquestionably voluntary, and, therefore, no excuse for the crime charged. *Allen* v. *State*, 187 *Ga.* 178 (2) (200 S. E. 109, 120 A.L.R. 495); *Holland* v. *State*, 191

*Ga.* 608 (2) (13 S. E. 2d, 347). The jury would know whether, under all of the circumstances, the intoxication of the accused would throw any light on his intention to kill, and there being no request to charge on the subject of drunkenness, the omission to do so was not error. *Thomas* v. *State*, 91 *Ga.* 204 (1) (18 S. E. 305); *Emmett* v. *State*, 195 *Ga.* 517 (7), 543 (25 S. E. 2d, 9). Certainly, under the evidence in this case and the defendant's statement, a failure to charge properly on the subject of drunkenness as an excuse for crime was not error against the accused; ordinarily the omission to do so would be helpful to the accused. Generally a drunken man would not be less likely to intend for his blows to kill than a sober one, but rather more so. These grounds do not show error.

The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*