### 18271. BOOKER *v.* THE STATE.

WYATT, Justice. The plaintiff in error was found guilty of robbery by open force, and sentenced to death by electrocution. He filed his motion for new trial on the general grounds and by amendment added one special ground complaining of the admission over objection of an incriminatory statement made and signed by him. The motion for new trial was denied, and to this judgment, the plaintiff in error excepted. *Held:*

1. In so far as the general grounds are concerned, it is sufficient to say that there is ample evidence in the record which, if believed by the jury, authorized a finding that the plaintiff in error was guilty of the offense charged. There is no merit in the general grounds.

2. The amended motion for new trial complains because an incriminatory statement signed by the plaintiff in error was admitted over the objection that it was not shown to have been freely and voluntarily made. There is no merit in this contention. Witnesses for the State testified that the incriminatory statement was made freely and voluntarily without being induced by any offer of benefit or fear of injury. This was sufficient to make a prima facie case for the admission of the statement. See *Phillips* v. *State,* 206 *Ga.* 418 (57 S. E. 2d 555); *Downs* v. *State,* 208 *Ga.* 619 (68 S. E. 2d 568); *Bradberry* v. *State,* 170 *Ga.* 859 (154 S. E. 344).

3. It is next contended that the incriminatory statement should not have been admitted for the reason that certain parts of the statement were not dictated by the plaintiff in error. The portions objected to were the first paragraph and the last paragraph. The first paragraph reads as follows: "I am making this statement freely and voluntarily without any fear or persuasion being used against me and realize that anything stated herein may be used against me in any court of competent authority." The last paragraph of the statement reads: "I have made this statement freely and voluntarily and understand from the officers present who have told me of my rights that anything stated herein may be used against me in any court of competent authority and do hereby agree to such procedure and that is the truth, the whole truth and nothing but the truth, so help me God." While the record shows that the portions of the statement above quoted were not dictated by the plaintiff in error, but were taken from a form regularly used for the purpose by the detective bureau, and that the accused dictated all the rest of the statement, it also shows that, after the statement had been typed, the accused read the entire statement, including the portions above quoted, and stated that the statement was true and signed it in the presence of a notary public. Therefore, the evidence shows that,

while the accused did not dictate the entire statement, it does show that he did adopt the entire statement and certify to its truth. This was sufficient to authorize its admission.

4. A third objection to the admission of the statement, that it was not properly proved, not having been argued in this court, will be considered as abandoned.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*

SUBMITTED JULY 14, 1953—DECIDED SEPTEMBER 14, 1953.

*A. T. Walden,* for plaintiff in error.

*Paul Webb, Solicitor-General, Charlie O. Murphy, William E. Spence, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.