### 18564. SEYMOUR *v.* THE STATE.

CANDLER, Justice. Sylvester Seymour was indicted in Richmond County for the murder of Thomas Broome on December 23, 1952. He was twice convicted of the offense charged against him and on each conviction was sentenced to be electrocuted. Before his first trial and before pleading to the merits, he filed special pleas attacking the validity of the indictment, and prayed that it be quashed and that he be acquitted of the offense for which he was indicted and be released and discharged from custody. As grounds for his special pleas, he alleged that he had been illegally arrested for the homicide of Thomas Broome, and thereafter illegally held in jail for four or five days before a warrant was issued for his arrest; and that, in consequence of such illegal arrest and such illegal detention, the indictment subsequently returned against him was null and void, resulting, as he alleged, from a denial of enumerated constitutional rights guaranteed to him both by the Constitution of the United States and the Constitution of Georgia, including the due-process clause of each. His special pleas were overruled and dismissed, and he complained of that judgment in a motion for new trial which he later filed. On a review of that trial, we held that he could not, in a motion for new trial, properly assign error on the judgment overruling and dismissing his special pleas. *Seymour* v. *State,* 210 *Ga.* 21 (77 S. E. 2d 519). But on that review of his case we granted him a new trial because of the improper admission of certain testimony. Subsequently, and before his second trial, he again filed a special plea to the legal sufficiency of the indictment and again prayed that

it be quashed, alleging as grounds therefor the same facts which he had set up in his first special pleas. A plea of res judicata, which the State filed thereto, was sustained by the judge and the special plea was also dismissed on oral motion. That judgment was excepted to pendente lite and error is assigned on it in the bill of exceptions. Error is also assigned on a judgment denying a motion for new trial, which the accused filed after his second conviction and which was based on the usual general grounds and six special grounds. *Held:*

1. There is no merit in the contention that the court erred in sustaining the State's plea of res judicata and in dismissing on oral motion the defendant's special plea. To the present special plea, the State pleaded in bar thereof a former judgment in the case, which fully adjudicated the issue now made; and the judgment so pleaded by the State has been neither reversed nor modified by any exception which the accused has taken to it, and such unreversed and unmodified judgment has consequently become and is the law of the case. Code §§ 38-623, 110-501; *Matthews* v. *State,* 125 *Ga.* 248 (54 S. E. 192); *Northern Assurance Co., Ltd.* v. *Almand,* 210 *Ga.* 243 (78 S. E. 2d 788), and citations.

2. The first special ground of the motion for new trial alleges that, when F. V. Allgood, a State witness, was testifying, or about to testify, as to an incriminating admission made to him by the accused concerning the alleged murder, counsel three times asked for a preliminary hearing to determine the competency of the evidence being or to be introduced, and it is alleged that the judge erred in failing to grant "immediately" the request for such hearing; and, after the same was granted, in failing to retire the jury from the courtroom while the hearing was being conducted. Incorporated in and made a part of this ground, is a lengthy account, as testified to by the witness Allgood, of the investigation which he and three other officers made concerning the killing of Thomas Broome; the arrest of the accused without a warrant on the day after the homicide; and an incriminating admission which the accused made to the witness Allgood soon after he was taken into custody. In view of the fact that the judge granted and there was had a full preliminary hearing, which shows the free and voluntary character of the incriminating admission which the accused made to the witness Allgood, we are unwilling to hold that a new trial should be granted because the court failed, as alleged, to grant the request for such a hearing "immediately."

(a) "When, after a proper preliminary examination as to their free and voluntary nature, confessions or criminating admissions are adjudged competent and received in evidence, there is no room for any question touching the propriety of having conducted the preliminary examination in the presence of the jury." *Fletcher* v. *State,* 90 *Ga.* 468 (17 S. E. 100).

3. The second special ground complains of the court's refusal to permit counsel for the accused to make a full and complete preliminary examination as to the prima facie admissibility of a written confession, which the State claims the accused freely and voluntarily made on December 29, 1952. This ground contains a full report of the examination which was made with reference to the written confession and,

from an examination of the same, we have reached the conclusion and hold that the accused was not denied any right with reference thereto; but on the contrary, the record shows that a full and complete preliminary examination concerning the admissibility of the written confession was in fact made. Hence this special ground of the motion is not meritorious. And a different ruling is not required because the judge, while the State was introducing evidence to show that the written confession was in fact freely and voluntarily made, refused to allow the accused to call a named investigating officer for the purpose of rebutting the evidence which the State had offered as to the free and voluntary character of the written confession; and this is especially true since the record shows that the investigating officer, whom the accused desired to call, later testified as a witness for the State and the accused was then afforded full opportunity to question him about the character of the written confession.

4. On the trial under review, the court admitted in evidence, over objection by the accused, a written confession of guilt which the State contends he freely and voluntarily made after his arrest. The allowance of this evidence was not erroneous. With reference to the confessions, oral and written, the record is in all material respects substantially the same as it was when the case was formerly here for review, except there is evidence of an additional oral confession which the State contends the accused freely and voluntarily made and which was also allowed in evidence without objection. Here, as on the first trial, there was no objection to the admission of the oral confessions; and, consequently, no exception was taken to their allowance as evidence. This being true, the ruling which we made on our first review of the case with reference to the admissibility of the same written confession is now controlling. Accordingly, special ground three of the motion is without merit. See *Seymour* v. *State*, supra, and citations.

5. The fourth special ground complains of an interruption which the court allegedly made while counsel for the accused was cross-questioning a witness for the State. This ground of the motion shows no error. In the first place, the record does not show an unauthorized interference with the right of cross-examination as contended; and, in the second place, there was no objection to what happened or motion for a mistrial at the time of the occurrence complained of or before verdict, and such a question cannot properly be raised for the first time in a motion for new trial. *Adams* v. *State*, 171 *Ga.* 90 (8) (154 S. E. 700); *Herndon* v. *State*, 178 *Ga.* 832 (6), 833 (174 S. E. 597); *Simmons* v. *State*, 181 *Ga.* 761 (3) (184 S. E. 291); *Callahan* v. *State*, 209 *Ga.* 211 (3) (71 S. E. 2d 86).

6. In special grounds five and six, movant alleges that the court erred in allowing in evidence a pistol and a rifle. The pistol was objected to on the ground that there was no evidence to show that the deceased had possession of it on the night of the homicide. The rifle was objected to on the ground that there was no evidence to show that it was the weapon used by the person who killed Mr. Broome. There is no merit in either of these special grounds. The confessions, oral and written which were admitted by the court, show that the accused freely and voluntarily admitted that he took the pistol objected to from Mr.

Broome's possession after he killed him, and the confessions likewise show that the rifle objected to was the weapon used by the accused in killing Mr. Broome. And, in addition to the confessions, the State showed by other witnesses that the pistol offered in evidence belonged to the deceased; that the deceased had possession of it as he went to the place where he was shortly afterwards killed; and that the defendant had it in his possession and tried to sell it during the night of and after the homicide occurred. As to the rifle, the State also showed that the deceased was killed with a .22 rifle; that the defendant borrowed a rifle of that caliber from a named person just before and during the night Mr. Broome was killed; that he was in possession of it and the pistol of the deceased immediately after the killing; and that he carried the rifle back to the person from whom he had borrowed it before he was arrested on the day following the homicide. See, in this connection, *Wise* v. *State,* 209 *Ga.* 115 (2) (70 S. E. 2d 598).

(a) In one of the oral confessions which the accused made, he freely and voluntarily stated that he killed Mr. Broome with the rifle which the State introduced in evidence and, in making the confession, he took the rifle and demonstrated the manner in which it was used by him in killing Mr. Broome. This being true, it was not improper for the solicitor-general during his argument to the jury to refer to the rifle as the death weapon and demonstrate to them how the accused, according to his own confession, used it in committing the homicide. But, as to this, the record does not show that the accused complained in any way before the verdict was returned; and it is too late to do so for the first time in a motion for new trial.

7. By his written confession which was allowed in evidence, the accused admitted that he went to the premises where Thomas Broome was employed as a night watchman; that he selected a place from which he could not be seen but from which he could see his victim's head through a window; that the accused took aim at and shot him in the head with a .22 caliber rifle which he had borrowed from a named person; that he then ran around to the front door of the room in which he was and shot the deceased again while he was trying to get up; and that the accused then got his pistol and his wallet which contained $60 and immediately left the place of the killing. A confession of guilt, freely and voluntarily made by the accused, is direct evidence of the highest character and sufficient to authorize a verdict of guilty on a charge of murder, when corroborated by proof of the corpus delicti. Tested by this rule, the verdict in the instant case is amply supported by evidence. This being true, the general grounds of the motion for new trial are without merit. See *Richardson* v. *State,* 207 *Ga.* 373 (1) (61 S. E. 2d 489), and citations.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1954—DECIDED MAY 10, 1954.

*W. T. Mobley, William M. Fleming, Jr.,* for plaintiff in error.
*Geo. Hains, Solicitor-General, Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General,* contra.