### 18722. DAVIS *v.* THE STATE.

CANDLER, Justice. Calvin Eugene Davis was indicted in Schley County for murder. The indictment alleges that he unlawfully killed Nora Jones by shooting her in the head with a .22 caliber rifle. He was convicted without a recommendation and sentenced to be electrocuted. He excepted to a judgment denying a motion for new trial, which he timely made on the usual general grounds and later amended by adding other grounds. *Held:*

1. Special ground 2 of the motion alleges that a new trial should be granted the movant because the State failed to prove the killing in the manner alleged in the indictment. There is no merit in this. Dr. L. S. Boyette, a witness for the State, testified that he performed an autopsy on the body of Nora Jones; that he found a penetrating wound on the head of the deceased; that he traced it through the brain tissue, and about the middle of the brain found a battered piece of lead, presumptively a bullet; and that the bullet wound in her head caused her death.

2. On the trial of the instant case, J. F. McDuffie, a witness for the State, testified that he was and had been for seven years an agent of the Georgia Bureau of Investigation. The defendant freely and voluntarily confessed to him that he killed Nora Jones at her home by shooting her twice with a rifle; that he then took a considerable amount of money off her person and went to Ellaville, Georgia; and that he went from Ellaville to Columbus, Georgia, where he was later arrested. In the course of his testimony, the witness said that he "made" the defendant point out the place where the first bullet hit the deceased; however, he promptly qualified this by saying he "asked" the defendant to point out the place where the first bullet hit the deceased, and that the defendant voluntarily did so. It is alleged in the amendment to the motion for new trial that the judge erred in refusing to rule out the testimony of the witness McDuffie, but the record does not disclose the ground on which his motion was based. This special ground of the motion for new trial does not show reversible error; and this is espe-

cially true in view of the fact that Sheriff Devane, as a witness for the State, later testified without objection that the defendant, freely and voluntarily, made substantially the same confession of his guilt to him, relating in detail when and how he went to the home of the deceased and with a rifle shot her through a crack in the door while she was sitting in front of the fire; and, since the first shot did not kill her, that he then shot her in the back of the head. There was no motion to rule out Devane's testimony. See, in this connection, *Seymour* v. *State*, 210 *Ga.* 21 (2) (77 S. E. 2d 519), and citations.

3. A confession of guilt, freely and voluntarily made by the accused, is direct evidence of the highest character and sufficient to authorize a verdict of guilty on a charge of murder, when corroborated by proof of the corpus delicti. Measured by this rule, the verdict in the instant case is amply supported by evidence, and accordingly the general grounds of the motion for new trial are without merit. *Richardson* v. *State*, 207 *Ga.* 373 (61 S. E. 2d 489). But, in addition to proof of the corpus delicti and the defendant's voluntary confession of guilt in this case, the State proved numerous other facts and circumstances tending to identify the accused as the person who shot and killed the deceased.

4. The judgment complained of is therefore not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1954—DECIDED OCTOBER 11, 1954.

*Troy G. Morrow*, for plaintiff in error.

*Charles Burgamy*, Solicitor-General, *Eugene Cook*, Attorney-General, *Rubye G. Jackson*, contra.