### 19259. RAMSEY v. THE STATE.

MOBLEY, Justice. The defendant was convicted of robbery by force and was sentenced to death. He filed a motion for new trial on the general grounds and five special grounds. The motion was denied, and he excepts to that judgment and to the overruling of his demurrer to the indictment.

1. The indictment, which charged that the accused "did . . . unlawfully and with force and arms, wrongfully, fraudulently, and violently, by force, take from the person of E. C. Rhodes, without his consent, and with intent to steal the same, one hundred fifty-one . . . dollars," sufficiently charged the offense of robbery, the indictment being substantially in the language of Code § 26-2501 defining said offense. "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury." Code § 27-701. In *Lacey* v. *State,* 44 *Ga. App.* 791 (3) (163 S. E. 292), which was a case of robbery by force and intimidation, the court held: "It was not necessary for the indictment to allege 'how or in what manner the defendant employed force, or what constituted force and intimidation in the act alleged.'" The indictment in this case was in the language of the Code and was sufficiently plain for the nature of the offense to be easily understood by the jury, and this is sufficient. *Pippin* v. *State,* 205 *Ga.* 316 (4), 322 (53 S. E. 2d 482); *Rutherford* v. *State,* 183 *Ga.* 301 (1) (188 S. E. 442); *Harris* v. *State,* 191 *Ga.* 243 (6), 253 (12 S. E. 2d 64). There is no merit in the exception to the overruling of the demurrer to the indictment.

2. Ground 1 of the amended motion for new trial asserts that, after the

defendant's counsel finished his argument to the jury (in which he had argued the law of circumstantial evidence), the solicitor-general, who contended that the law of circumstantial evidence did not apply to the case, asked the court to rule on whether such law was applicable. The court replied, "I will get to that, Mr. Solicitor," and immediately began his charge to the jury, completing the charge with this statement: "The solicitor-general has asked for a ruling by the court as to a specific matter in this case, and that is with reference to circumstantial evidence. The court is not giving you as applicable to this case the rule of circumstantial evidence." The defendant contends that the effect of this statement to the jury was to instruct them that all the evidence introduced in the case was direct evidence as distinguished from circumstantial evidence; and circumstantial evidence having been admitted into the case, it was incumbent upon the court to instruct the jury to consider only the direct evidence or else to charge the law of circumstantial evidence.

It is not error to fail to charge the law of circumstantial evidence in the absence of a request, when there is direct evidence in a case (*Jones v. State,* 210 *Ga.* 94 (7), 78 S. E. 2d 18; *Wise v. State,* 209 *Ga.* 115(1), 70 S. E. 2d 598; *Green v. State,* 210 *Ga.* 745 (2), 82 S. E. 2d 703); but when direct and circumstantial evidence is introduced in a criminal case, it is the better practice to charge the law contained in Code § 38-109. There was direct evidence in this case. The victim identified the defendant as the one who had made the attack upon him. The victim had been knocked unconscious and was not able to testify as to who took his wallet and money; but the defendant supplied this fact with a confession, and a confession is direct evidence. *Richardson v. State,* 207 *Ga.* 373 (1) (61 S. E. 2d 489); *Downs v. State,* 208 *Ga.* 619 (1) (68 S. E. 2d 568); *Booker v. State,* 210 *Ga.* 34 (2, 3) (77 S. E. 2d 505).

While it was not error for the trial judge to fail to charge on the law of circumstantial evidence, as there was no request for such charge, it was an entirely different matter for him to instruct the jury that "the court is not giving you as applicable to this case the rule of circumstantial evidence." This amounted to an expression of opinion by the court that none of the evidence was circumstantial, or that the law of circumstantial evidence, which had been argued to the jury by the defendant's counsel, was not applicable. There was circumstantial evidence offered by the State to secure a conviction in this case, and the law of circumstantial evidence was applicable. Should the jury have rejected the defendant's confession, then the only remaining evidence of the taking of the victim's money was circumstantial. Under this charge, the jury could have found that this circumstantial evidence satisfied their minds beyond a reasonable doubt of the guilt of the defendant, while they would not have been authorized under those circumstances to have convicted him unless that evidence excluded every reasonable hypothesis except the guilt of the defendant. Accordingly, it was error for the judge to instruct the jury that he would not give them as applicable to the case the rule of circumstantial evidence.

3. Special grounds 2, 3, and 4 each contains an excerpt from the charge of the court, and each assigns as error the failure of the court to charge in connection therewith some other principle of law. A correct charge of the court is not made erroneous by the failure to charge some other principle of law. These grounds are without merit. *Green* v. *State*, 150 *Ga.* 121 (1) (102 S. E. 813); *Jester* v. *State*, 193 *Ga.* 202 (2) (17 S. E. 2d 736); *Napper* v. *State*, 200 *Ga.* 626 (2) (38 S. E. 2d 269).

4. Ground 5 attacks the entire charge of the court as not correctly, completely, and adequately instructing the jury on the law of the case; and upon the further ground that the charge fails to include certain principles of law. While it would have been the better practice for the court to have charged fully on the principles of law which are alleged to have been omitted, especially where, as here, the defendant was accused of a capital felony, the contention that the charge is incomplete and inadequate, without pointing out any errors in the charge as given, is too general to be considered by this court as an assignment of error (*Franklin* v. *State*, 69 *Ga.* 36 (11), 47 Am. R. 748); and the contention that the court failed to charge certain principles of law in connection with those principles which were charged is without merit for the reasons given in division 3 above.

5. There is no merit in the general grounds of the motion for new trial.
*Judgment reversed. All the Justices concur.*

ARGUED MARCH 12, 1956—DECIDED APRIL 9, 1956—
REHEARING DENIED MAY 16, 1956.

*Lavender & Griffith*, for plaintiff in error.

*Carey Skelton, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, (William Hall, Carter Goode,* on motion for rehearing), contra.

ON MOTION FOR REHEARING

MOBLEY, Justice. The State has filed a motion for rehearing in this case. This court has been divided on the question of whether the State has the right to file such a motion, the majority being of the opinion that it does have such right. *Glustrom* v. *State*, 206 *Ga.* 734, 740 (58 S. E. 2d 534); *Henderson* v. State, 209 Ga. 238, 241 (71 S. E. 2d 628). Justice Head, in his dissenting opinion in the *Glustrom* case, concurred in by Presiding Justice Wyatt and Justice Almand, ably discussed the reasons in support of the position that the State's motion should be dismissed. In this State, the State in a criminal case has no right to sue out a writ of error on a judgment in favor of a defendant. *State* v. *Jones*, 7 *Ga.* 422; Code § 70-201. This court has also held that it is without jurisdiction to entertain

at the instance of the State a petition for certiorari from a decision of the Court of Appeals in a criminal case. *State* v. *B'Gos,* 175 *Ga.* 627 (165 S. E. 566). The reasoning applicable to the right of the State to appeal in a criminal case and to file a petition for certiorari to this court, which was thoroughly and fully set out in the *Glustrom* and *B'Gos* cases, supra, does not in our opinion apply to a motion for rehearing on behalf of the State in a criminal case.

It is well established that the judgments of this court are completely under its control during the term at which they are rendered until the remittitur of this court has been forwarded to the court below; and that, during the time before the remittitur is transmitted, this court may alter, amend, or set aside its judgments. "The right of the court to keep under its own control during the term the judgments rendered by it, until the remittitur has been transmitted to the court below, has given rise to the practice of allowing motions for rehearing to be filed, although a rehearing by this court in any case is not referred to in any way either in the constitution or statutes of the State." *Cooper* v. *Portner Brewing Co.,* 113 *Ga.* 1, 2 (38 S. E. 347). The only references to the matter of rehearings in the law of this State are contained in Rule 40 (Code, Ann. Supp., § 24-4544), which, while not providing for motions for rehearings, states the rules governing the manner of filing such motions, and in Code (Ann.) § 24-3801, which deals with the terms and sessions of the Supreme Court, and contains the following provision: "Provided further, no judgment, other than judgment on motion for a rehearing, shall be rendered during the last fifteen days of any term." This court, in *Seaboard Air-Line Ry.* v. *Jones,* 119 *Ga.* 907 (2) (47 S. E. 320) held: "There being no law expressly authorizing the parties to a case to apply for a rehearing, whether such application will be entertained, and, if entertained, what disposition shall be made of it, are questions addressed entirely to the sound discretion of the court." And in the same case it was held in headnote 1 as follows: "The Supreme Court will, during the term at which a judgment is rendered, and before the remittitur has been forwarded to the clerk of the trial court, when dissatisfied with the judgment, of its own motion order a rehearing of the case."

Thus, it being clear that there is no law expressly authorizing a rehearing, and that whether an application for rehearing will be entertained, and its disposition, are matters within the sound discretion of the court, the question then is whether this court in the exercise of its discretion should permit the State to file motions for rehearings in criminal cases.

As pointed out above, a judgment of this court granting a new trial to a defendant in a criminal case remains within the breast of the court until the remittitur has been forwarded to the clerk of the trial court, and during that time this court has the right to alter, amend, or vacate its judgment. The defendant, during that interim, has acquired no statutory or constitutional rights by reason of the judgment rendered in his favor. The question of putting him in jeopardy in violation of the constitutional provision which provides that "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his, or her own motion for a new trial after conviction, or in case of mistrial" (Code, Ann., § 2-108), is not involved. Since the court, before the remittitur goes out, may on its own motion, where it determines that it has committed error, alter, amend, or vacate its judgment, and since it is the duty of the court to do so, we see no objection to the State's calling to our attention by motion for rehearing any errors or mistakes which the State believes this court has committed.

The motion for rehearing filed by the State is entertained by this court, but upon consideration of the same the motion is denied.

*All the Justices concur, except Wyatt, P. J., Head and Almand, JJ., who dissent.*

HEAD, Justice, dissenting. I dissent from the ruling by the majority entertaining and considering the motion for rehearing filed by the State. Errors in criminal cases are not subject to revision at the instance of the State. *State v. Jones*, 7 *Ga.* 422, 424.

A rehearing in this court, at the instance of the State, is not authorized under the theory that the judgment of this court granting the defendant a new trial remains within the breast of the court until the remittitur has been sent to the trial court. It has been many times held by this court that a decision of a

trial judge in civil cases is within the breast of the court and may be vacated, set aside, or revised at the term in which such judgment is rendered. If, after conviction and upon a motion for new trial, a judgment is entered granting the defendant a new trial by a superior court judge, can that judgment properly be vacated at the term at which it is rendered, at the instance of the State? If so, why may not a trial judge at the same term reverse his judgment, at the instance of the State, sustaining an oral motion to quash an indictment? In neither instance could it properly be said that the defendant was the movant, since a judgment favorable to his contentions would have previously been entered. Neither the Constitution nor the statutes of this State authorize any appeal, reconsideration, or review in any criminal case in any court at the instance of the State. The writer knows of no instance wherein a judgment of this court granting a defendant a new trial in a capital case has ever been vacated and a contrary judgment entered by the court on its own motion. A judgment by this court granting a new trial to the defendant in a capital case has been very carefully considered.

Under the ruling of this court in *State* v. *Jones,* supra, motions on behalf of the State should not be considered in any instance where a judgment favorable to the defendant is final, or would become final by operation of law. The motion for rehearing filed by the State should have been dismissed. See dissenting opinions in *Glustrom* v. *State,* 206 *Ga.* 734, 740 and *Henderson* v. *State,* 209 *Ga.* 238, 241. I am authorized to say that Mr. Presiding Justice Wyatt and Mr. Justice Almand concur in this dissent.