37144. NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, INC., *et al. v.* WILLIAMS, Revenue Commissioner.

PER CURIAM. This case was decided by this court on July 23, 1958, and a rehearing denied on July 31, 1958, adversely to the contentions of the movants. An application for writ of certiorari was made to the Supreme Court of Georgia which was denied on October 15, 1958. A further motion for reconsideration by the Supreme Court was there denied on November 7, and on November 12, 1958, the remittitur from the Supreme Court was received by this court. The clerk of this court thereupon and in accordance with Code § 24-3646 immediately transmitted the remittitur from this court to the trial court. Thereafter, on November 18, within six days from the time the remittitur was forwarded by this court to the trial court, a motion was filed on behalf of the National Association for the Advancement of Colored People et al. in this court in which it was alleged that it was the intention of movants to file a motion of intention to file an application for writ of certiorari to the Supreme Court of the United States as soon as the remittitur had been transmitted from the Supreme Court of Georgia to this court, and that because the remittitur had been transmitted by this court to the trial court on the same day that it was received from the Supreme Court of this State, without notice of such transmittal to movants, they had no opportunity to file their notice of intention to certiorari said case prior to the transmittal of the remittitur from this court to the trial court. Movants further allege that they did in fact file their notice of intention to certiorari the case to the Supreme Court of the United

States within ten days from the date of the judgment of the Supreme Court of Georgia denying reconsideration in said case. The prayer is that this court recall its remittitur from the trial court.

Code § 24-3646 states: "Where a judgment of this Court is affirmed by the Supreme Court, or where the writ of certiorari is denied, the remittitur of this Court shall issue immediately upon the filing of the remittitur from the Supreme Court. No entry upon the minutes shall be made." The language of this Code section makes it mandatory upon the clerk of this court to transmit the remittitur in such cases *immediately* upon its receipt from the Supreme Court. In such an event the language of Code § 24-3644, which provides that on decisions of this court in the first instance the remittitur shall be held for 10 days (thus implementing the right granted in Code § 24-3645 to file a notice of intention to certiorari to the Supreme Court of Georgia within 10 days) has no application. The right referred to in Code §§ 24-3644 and 24-3645 was exercised by movants at the time they applied for the writ of certiorari to the Supreme Court of Georgia. The practice universally followed in this State by persons desiring to apply to the Supreme Court of the United States, and the only method whereby movants may be assured that this court will not return the remittitur to the trial court and thereby lose jurisdiction of the case, is for the movants to file in the office of the clerk of this court a request for stay of remittitur when it shall have been received by this court from the Supreme Court, and such request must necessarily be filed prior to the actual reception of the remittitur by the clerk of this court. This is the procedure followed in all such cases in this State, and, under the law, is the only effective means for the losing party to protect his rights.

In *Seaboard Air-Line Ry.* v. *Jones,* 119 *Ga.* 907 (9, 10) (47 S. E. 320) it was held: "After a judgment of the Supreme Court has been pronounced and entered upon its minutes, and the remittitur issued and transmitted to the trial court and there received, the Supreme Court loses jurisdiction over the case, and can make no further order having the effect to alter or change the judgment pronounced. . . It follows from the foregoing that the Supreme Court can not recall its remittitur after the same has been filed in the office of the clerk of the trial court, where it has been regularly issued and trans-

mitted in accordance with the deliberate order and judgment of the Supreme Court."

It appearing that the remittitur in this case was regularly transmitted by this court to the trial court, this court has lost jurisdiction thereof and cannot recall the remittitur. Accordingly, the motion must be

Denied. All the judges concur.

DECIDED DECEMBER 5, 1958.

A. T. Walden, D. L. Hollowell, S. S. Robinson, E. E. Moore, Jr., Romae L. Turner, Robert L. Carter, Jr., for movants.