20879.   DAVIS *v.* THE STATE.

ARGUED MAY 9, 1960—DECIDED JUNE 9, 1960.

*J. Neely Peacock, Jr., Edward T. Hughes,* for plaintiff in error.
*Maston O'Neal, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.

ALMAND, Justice.   Leon Davis, under an indictment charging him and three others with the murder of James E. Glenn, by shooting him to death with a pistol, was on his trial before the court and a jury, found guilty and sentenced to death by electro-

cution. His motion for new trial on the general grounds and two special grounds was denied. His bill of exceptions assigns error on the denial of his motion.

■ The first special ground assigns error on the admission in evidence of the alleged written confession of the defendant over the objection that "the proper foundation has not been laid." The defendant asserts that its admission was "extremely harmful and prejudicial to movant."

The brief of evidence discloses that the defendant, shortly after his arrest, made a written statement to the arresting officer, and that such statement was freely and voluntarily made without being induced by any offer of benefit or fear of injury. This was sufficient to make a prima facie case for the admission of the statement in evidence. *Booker* v. *State*, 210 *Ga.* 34 (2) (77 S. E. 2d 505).

■ The second special ground assigns error on the failure to give in charge to the jury the provision of the act of 1952 (Ga. L. 1952, p. 205; Code, Ann., § 27-1503). This statute in substance provides that, when an accused "shall contend that he was insane or mentally incompetent under the law at the time the act or acts charged against him were committed," the trial judge shall instruct the jury that, in case of acquittal on such contention, the jury shall specify in their verdict that the accused was acquitted because of mental irresponsibility or insanity at the time of the commission of the act. This ground asserts that "movant introduced evidence that he was insane at the time of the homicide and that he was mentally incompetent under the laws at the time of the homicide charged against him," and that it was prejudicial error not to give in charge this statute. The brief of evidence does not support this contention. The defendant did not introduce any evidence. In his statement to the jury the defendant said: "I never did do no prowling around and every time I take a drink or two it runs away with me. It gets started in my head and I can't manage it, but after it's over with I can see things clearly after it's over with. . . . I didn't know where I was going. I had loosed my mind and I didn't know where I was going. . . . Well, I didn't see nothing wrong with it then, which I know it's wrong

◼

now, but I didn't see it then. I was drinking at that time and I ain't drinking now." These excerpts are the only parts of his statement that have any relation, far or near, to the defendant's mental condition at the time of the commission of the offense. They are wholly insufficient to amount to a contention that he was insane or mentally incompetent at the time the offense was committed. It was not error to fail to charge this statute.

◼ The written confession of the defendant shows a killing of a human being without the slightest excuse or justification. It is corroborated by the testimony of an accomplice and other evidence, direct and circumstantial. The verdict is supported by the evidence. The general grounds are without merit. See *Charles* v. *State*, 182 *Ga.* 359 (185 S. E. 341); *Logue* v. *State*, 198 *Ga.* 672 (32 S. E. 2d 397).

It was not error to deny the motion for new trial.

*Judgment affirmed. All the Justices concur.*