### 22259. GILDER v. THE STATE.

CANDLER, Justice. Harley Gilder was indicted in Laurens County for the murder of Doris Gilder, his wife. The indictment alleges that he killed her by shooting her with a pistol on June 23, 1962. He filed a plea of not guilty and was convicted of the offense charged with a recommendation of mercy. He moved for a new trial on the usual general grounds and amended his motion by adding five other grounds, all of which were approved except one. His amended motion was overruled and the exception is to that judgment. *Held:*

1. The defendant's plea of not guilty raised the question of his mental ability to commit the offense of murder at the time he allegedly shot and killed his wife. On this issue the evidence was voluminous and conflicting but the jury was amply authorized to find from it, as they did, that the accused at the time of the alleged homicide had sufficient mental capacity to distinguish between right and wrong relative to the act charged against him and such proof shows criminal respon-

sibility. In this connection, see *Griffin v. State*, 208 Ga. 746 (69 SE2d 192).

2. The defendant contends that the court erred in denying him a new trial because the evidence was insufficient to prove the corpus delicti and that he killed the person for whose death he was indicted and convicted. This contention cannot be sustained. Ralph Cox, a deputy sheriff, testified that the accused, on the night of the killing, freely and voluntarily stated to him that he kept his pistol in his room; that his wife (the deceased) had cleaned the house that day; that he had dropped some cigarette ashes on the floor; that they got into an argument about it; and that he shot and killed her. There is also evidence in the record showing that the accused and his wife were alone in their home when the homicide occurred during the night of June 23, 1962; that the door to their home was locked when the father of the accused and a neighbor came to his home in response to a call the former had received concerning some trouble which had just occurred there; that the accused unlocked the door and let them in; that the body of the deceased was at that time lying on her bed in a back room of the home; that she had been shot in the face with a pistol; that no pistol or other weapon was found near her body or in her room; that the accused was either intoxicated or under the influence of drugs when the sheriff reached his home soon after the homicide; that the accused attempted to kill himself after his father called the sheriff and just before the latter entered his home; that when a brother of the deceased came to the home of the accused on the night of the homicide and soon after it occurred, he first viewed the body of his sister and then "looked" at the accused and the latter raised his shirt and put his hand on the butt of his pistol, a .38 caliber pistol which his father later took from him and handed to the sheriff on his arrival; and that the pistol which was taken from the accused by his father was later delivered to Dr. Herman Jones, Director of Georgia's Crime Laboratory for examination and ballistic tests. Dr. Jones, as a witness for the State, also testified that he examined the body of the deceased; that her death was caused by a bullet fired from a .38 caliber pistol which struck her in the face near the cheek bone and which passed through her brain and lodged in the back of her head; that he removed the bullet from her head

and from tests he made with the pistol delivered to him, it was his opinion that the bullet he removed from her head was fired by such pistol. In *Richardson v. State*, 207 Ga. 373 (1) (61 SE2d 489), and again in *Davis v. State*, 211 Ga. 76 (3) (84 SE2d 46), it was held that "A confession of guilt, freely and voluntarily made by the accused, is direct evidence of the highest character and sufficient to authorize a verdict of guilty on a charge of murder, when corroborated by proof of the corpus delicti." Those cases are in harmony with *Code* § 38-420 which declares that "A confession alone, uncorroborated by any other evidence, shall not justify a conviction." In the instant case, it is insisted by the defendant that a confession, even though freely and voluntarily made, will not authorize a verdict unless the corpus delicti is proven beyond a reasonable doubt by evidence separate from and wholly independent of the confession and from the rulings in *Clay v. State*, 176 Ga. 403 (168 SE 289) and *Grimes v. State*, 204 Ga. 854 (51 SE2d 797), it would seem that his position is well founded; but the rulings in those two cases, insofar as they deal with the question presently being considered, are contrary to and in irreconcilable conflict with the older and full bench decisions of this court in *Holsenbake v. State*, 45 Ga. 43 (5) and *Wilburn v. State*, 141 Ga. 510 (10) (81 SE 444), and also with the majority ruling of this court in *Logue v. State*, 198 Ga. 672 (32 SE2d 397). As authority for the majority ruling made in the *Logue* case, this court followed the rulings made in the *Holsenbake* and *Wilburn* cases and expressly disapproved and refused to follow the ruling in the *Clay* case. The ruling in the *Grimes* case is based on the holding in the *Clay* case; and since the rulings made in the *Holsenbake* and *Wilburn* cases are unanimous, they must be followed in this case just as they were in the *Logue* case. The *Holsenbake, Wilburn* and *Logue* cases clearly hold that *Code* § 38-420 does not fix the amount of evidence necessary to corroborate a confession but leaves the question of its corroborative sufficiency entirely with the jury and those cases also plainly hold that the jury may consider the confession along with other facts and circumstances independent of and separate from it in determining whether or not the corpus delicti has been established to their satisfaction. On authority of those three cases and the plain language of *Code* § 38-420,

we hold, as we did in the *Logue* case, that corroboration of a confession in any material particular satisfies the requirements of the law, that it is the exclusive province of the jury to determine whether or not the confession is corroborated; and that the jury may in determining that question consider the confession itself along with other evidence independent and separate therefrom relative to such issue. In this case the jury was authorized to find, as they did, that the confession was corroborated by facts and circumstances independent of and separate from the confession; and since they were satisfied with the quantum of the corroborating facts and circumstances, we hold that the evidence was sufficient to show the guilt of the accused beyond a reasonable doubt. Hence, the court did not err as movant contends in overruling his motion for a new trial on this phase of the case. In this connection, see *Davis v. State,* 216 Ga. 110 (114 SE2d 877).

3. Only grounds 1 and 5 of the amendment to the motion for new trial have been argued either orally or by brief in this court. Special ground 1 contains only a recital of facts concerning movant's mental condition at the time of his trial and special ground 5 was expressly disapproved by the trial judge. So we will therefore dispose of the amendment to the motion for new trial by simply holding that it alleges nothing which would authorize this court to reverse the judgment denying movant a new trial.

*Judgment affirmed. All the Justices concur.*

Argued November 12, 1963—Decided November 19, 1963.

*Joseph H. Briley,* for plaintiff in error.

*W. W. Larsen, Jr., Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.