23564. THOMPKINS v. THE STATE.

DUCKWORTH, Chief Justice. The defendant was indicted, tried and convicted with a recommendation of mercy of the crime of robbery by force and intimidation, and the appeal is to the judgment and sentence. *Held:*

1. A confession alone, uncorroborated by other evidence, will not justify a conviction, but a confession which is corroborated may be considered along with other evidence to justify the conviction even if it be necessary in establishing the corpus delicti. *Code* § 38-420; *Logue v. State,* 198 Ga. 672 (32 SE2d 397); *Gilder v. State,* 219 Ga. 495 (133 SE2d 861). Here the accused admitted stealing the sum stated in the indictment by forcibly removing it from the victim's clothing while the accused was "holding her pretty tight" and trying to get the cloth in which she had the money loose from her dress, when she quit fighting and went limp, but was still breathing when he left her. There was ample evidence to corroborate his confession; hence none of the specifications of error involving the sufficiency of the evidence, the motion for a directed verdict of acquittal because the confession was necessary to prove the corpus delicti, or venue, and the ver-

dict was without evidence to support it because the victim was deceased at the time of the return of the indictment, is meritorious. See also *McKee v. State*, 200 Ga. 563 (37 SE2d 700).

2. A prima facie case having been made that the confession was freely and voluntarily made prior to its admission in evidence, the alleged error that it was not freely and voluntarily made was not shown by any evidence, hence its allowance is not violative of the due process clause of the Fourteenth Amendment. Likewise, the statement asked of a witness relative to the statement as to its voluntariness, did not call for a conclusion since the witness testified to the facts and circumstances surrounding the confession which shows clearly that it was voluntary. *Davis v. State*, 216 Ga. 110 (114 SE2d 877); *Sims v. State*, 221 Ga. 190 (144 SE2d 103).

3. Counsel for the State and the accused having stipulated in open court that the jury might disperse from time to time during the trial, appellant can not now raise the question that in returning from lunch four jurors returned in a separate car without a bailiff being in the car as error. There is no merit in this contention.

4. The court did instruct the jury that the State must prove the accused took the money with the intent to steal it, and the charge is not subject to the complaint that he failed to charge "intent to steal," and as to the proof of intent to steal.

5. The photographs allowed in evidence over objection corroborated the confession of the defendant by showing location, circumstances and conditions under which the robbery took place, and although taken a week after the crime and showing the body of the deceased victim, they are not irrelevant or immaterial, although highly prejudicial to him since the body of the deceased was found where he left her and after a search of several days and only after he had told the officers where he had left her unconscious. *Russell v. State*, 196 Ga. 275 (26 SE2d 528); *Weaver v. State*, 199 Ga. 267 (3) (34 SE2d 163); *Parks v. State*, 203 Ga. 302, 309 (46 SE2d 504).

6. Having considered each of the specifications of error we find none with any merit.

*Judgment affirmed. All the Justices concur.*

Submitted July 11, 1966—Decided September 8, 1966.

*Henry N. Payton,* for appellant.

*Wright Lipford, Solicitor General, Arthur K. Bolton, Attorney General, Harold N. Hill, Assistant Attorney General, Alexander Cocalis,* for appellee.