## GEORGIA HOME INSURANCE CO. *v.* CAMPBELL.

1. In a case where, under the terms of an insurance policy, the liability of the company depended solely upon the question whether or not the word "no" had been written in a blank in the policy before it was issued, it was not essential to a fair submission of this question to the jury that the judge should specifically call their attention to all the stipulations of the policy under and in consequence of which this controlling question arose.
2. While it is true that "written evidence is considered of higher proof than oral," and a writing embodying the terms of a contract is "the best evidence of the same," yet, where the determination of an issue as to what were the contents of a lost writing depends entirely upon oral evidence, the rule above stated is not applicable.
3. The manner, conduct and appearance of witnesses on the stand are legitimate matters for consideration by a jury; but in giving an instruction to this effect, the word "personal" before the word "appearance" should be omitted.
4. The evidence warranted the verdict; the court gave no instruction not authorized by the testimony; and there was no abuse of discretion in denying a new trial.

Argued June 17, — Decided July 28, 1897.

Action on insurance policy. Before Judge Ross. City court of Macon. September term, 1896.

*Washington Dessau* and *Robert Hodges*, for plaintiff in error. *Hardeman, Davis & Turner*, contra.

LUMPKIN, P. J. 1. Attached to the policy of insurance sued on in the present case, and constituting a part thereof, was a

slip upon which was printed "$........................... concurrent insurance permitted." The evidence showed that the word "no" had been written in the blank occurring in this slip, but there was a serious conflict whether this was done before or after the policy had been issued. The policy elsewhere contained a stipulation rendering it void if there should, without the consent of the insurance company indorsed thereon, be other insurance, valid or otherwise, on the property insured, or any part thereof, at the time the policy was issued. The words "other insurance," as here used, must have meant insurance in addition to that effected by the policy itself, or which was allowable under its terms; and consequently it would not have been rendered void by the existence of another insurance policy covering the same property, if this state of things was permissible under any language constituting a portion of the policy, or by virtue of the company's consent indorsed thereon.

In view of the stipulation above referred to, and of the contentions pro and con. at the trial, as we gather them from the record, the question of the plaintiff's right to a recovery was properly made to depend solely upon whether or not the word "no" had been written in the blank occurring in the above mentioned slip before the policy was issued. The judge fairly and distinctly submitted this question to the jury. He informed them that if the word "no" had been inserted in this blank before the delivery of the policy, the plaintiff could not recover; that if it had not been so inserted, but was fraudulently placed there afterwards, the plaintiff could recover. Complaint is made, however, that the judge failed to specifically call the attention of the jury to all the stipulations in the policy bearing upon this controlling question. We think the judge really adopted the best method of presenting to the jury the issue to be decided by them. They could not fail to understand in what event the plaintiff would be entitled to recover, and in what event she would not. In arriving at a conclusion, it was only necessary for them to decide, under the evidence, when and how the word "no" came to be inserted in the blank in question. If the judge, instead of presenting

the issue in this plain and simple way, had read to the jury lengthy extracts from the policy, or had undertaken to tell them the substance of the stipulations therein contained, it is possible that some confusion might have arisen. As it was, the duty of the jury was made plain to them, and they had nothing to do but to decide upon a conflict in the evidence.

2. The original policy was not produced at the trial. It had been lost, and, as above indicated, the whole controversy was as to when and how the little word "no" got into the slip forming a part of the policy. Upon this question no evidence other than parol was introduced. The rule, therefore, which makes written evidence of greater weight than oral was not applicable, and the court properly refused to give it in charge to the jury.

3. Exception is taken to the following charge to the jury: "You are authorized to consider the manner of the witnesses on the stand, and their conduct in your presence as they gave their evidence; . . you may consider their testimony in the light of personal appearance and conduct of the witnesses." Unquestionably, the manner and conduct of witnesses on the stand are legitimate matters for consideration by the jury; and this is equally true as to the "appearance" of the witnesses, in so far as the word just quoted relates to manner or conduct, or to the way in which the witnesses gave their testimony. The expression upon the face of a witness, the look in his eyes, the intonation of his voice, the promptness or hesitancy with which he replies to questions,—all these things and others indefinable in words may be considered as constituting the "appearance" of the witness; and, whether so instructed or not, any intelligent jury would necessarily be impressed favorably or unfavorably by these outward signs and manifestations. We do not, however, approve of the use of the word "personal" before the word "appearance," in this connection. Such use, however, should not be held ground for a new trial, and we content ourselves with suggesting the omission of it by our brethren of the trial bench when charging upon this subject.

4. The record does not disclose that the trial judge gave

any instruction to the jury not authorized by the testimony. The case turned upon the credibility of witnesses, and there was ample evidence to support the verdict in the plaintiff's favor. We do not, therefore, feel authorized to hold that the judge abused his discretion in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*