1078.  DeLOACH & COMPANY *v.* ÆTNA INSURANCE CO.

Where an insurance company issues a policy of fire insurance and by
    endorsement thereon permits other insurance in a specified amount,
    and afterwards itself issues another policy in favor of the same per-
    son on the same risk and grants permission for a different amount of
    additional concurrent insurance, and each policy contains the usual
    provision in present general use against additional insurance, unless
    specially permitted, the insured can not, without avoiding the policies,
    procure a total insurance in excess of the largest amount permitted
    under either of them.   The permits are not cumulative.

Action on insurance policy, from city court of Reidsville—
Judge Morgan.   December 5, 1907.
    Argued May 5,—Decided September 28, 1908.
    *W. T. Burkhalter, Hines & Jordan,* for plaintiffs.
    *King, Spalding & Little, W. G. Warnell,* for defendant.

    POWELL, J.   DeLoach & Company sued the Ætna Insurance
Company on two policies of fire insurance, one for $1,500, dated
January 23, 1905, and the other for $500, dated February 4, 1905.
The defendant filed an answer setting up; that in each of the poli-
cies sued upon, it was stipulated that "this entire policy, unless
otherwise provided by agreement endorsed hereon or added hereto;

shall be void, if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy;" that by the policy sued on, dated January 23, 1905, it is stipulated in writing that "permission is granted for $1,500 other insurance, warranted concurrent herewith;" that on February 4, 1905, plaintiff took out a policy for $500 in the same company, and on February 24, 1905, a policy for $1,200 in the Insurance Company of North America, thereby creating $1,700 additional insurance upon the property so insured, being $200 in excess of the amount for which permission was given, whereby this policy was void. The defendant further pleaded, that by its policy of February 4, permission was given for $2,000 other insurance, warranted concurrent therewith, and that at the time this permission was given, plaintiffs had in existence $1,500 other insurance, by the policy sued on dated January 23; that under the permission, therefore, for $2,000 other concurrent insurance, plaintiffs could take out only $500 in addition to these two policies; but they afterwards, without any further or other permission, took out the policy for $1,200 in the Insurance Company of North America, thereby causing to be written upon said property $2,700 of insurance other than said $1,500 allowed by the policy of February 4, being an excess of $700, whereby this policy of February 4 became void. On the trial of the case the facts set up in the defendant's answer, as to the insurance carried on the property, appeared from the plaintiffs' evidence. According to his testimony, the value of his stock of goods was about $4,000. The court, on motion, awarded a nonsuit.

The plaintiffs contend that the two endorsements on the policies, taken in connection with the whole transaction, were adequate to authorize a total concurrent insurance of not less than $3,500, and that the aggregate of the policies procured was only $3,200. Let us see if this contention can be sustained. The meaning of the term "other insurance," as it appears in the endorsement on the first policy, is easy of ascertainment. The insured was then carrying only the $1,500 provided for by that policy, and the other insurance permitted must have meant insurance in addition to that effected by the policy itself. *Ga. Home Ins. Co.* v. *Campbell,* 102 *Ga.* 107 (29 S. E. 108). The company thus formally evinced a willingness to carry the risk, provided the hazard was not in-

creased by the insured's obtaining more than $3,000 total insurance on the property. When a few days later the company itself wrote the second policy, by which it undertook to carry $500 of this $1,500 other insurance permitted by the first policy, it was necessary, in order that this policy should be formally complete, that something should be said as to the first policy; for it was one of the general provisions contained in each policy that "this entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured *now has* or shall hereafter make or procure any other contract of insurance" covering the same property. It is true that the law would have estopped the company from insisting upon this provision, as against its own prior policy; but this did not relieve from the necessity or the prudence of an express statement of the waiver which the law would have raised by implication, so far as the formal perfection and completeness of the policy, as expressing the full and actual contract between the parties, is concerned. This being the situation, what was done? The insurance company, after attaching to the policy form a schedule showing an insurance thereunder of $500 on the stock of goods in question, added the words "permission granted for $2,000 other insurance warranted concurrent herewith." Stress again falls upon the expression "other insurance." Other than what? The natural, usual, and normal use of the word "other" is to indicate a differing form or an addition to the thing or things immediately in contemplation. Again we quote the language of Justice Lumpkin in the *Campbell* case, supra: "The words 'other insurance,' as here used, must have meant insurance in addition to that effected by the policy itself, or which was allowable under its terms." Neither under the policy itself nor by any of its terms except this very endorsement was any insurance other than this $500 effected or allowed. No other mention had been made of the prior policy. Construed by its own terms, no reasonable intendment can be given to the second policy as endorsed, other than that it was the intention of the parties to limit the total concurrent insurance to $2,500.

We are not willing to say, however, that in determining the meaning of this second policy, all sight is to be lost of the prior contract existing between the same parties as to the same subject matter. It may be that the terms of each would so influence the

other that the insured might have taken a total insurance of $3,000, without rendering either policy void. As to this we do not say, for it is not before us. But we are willing to say that where there are two policies written by the same insurer in favor of the same person, on the same property, and they contain the provision in present general use against unpermitted additional insurance, the insured can not, without avoiding the policies, procure a total insurance in excess of the largest sum permitted under either of them. We concede that if an insurer employs in his contract ambiguous language, he is to suffer to the extent that as between two reasonable constructions, that is to be adopted which is most favorable to the insured. In our opinion the language here used is not capable of any reasonable construction other than the one here given. We do not think that either party to the contract thought that the company was expressing permission for the insured to procure $4,000 insurance—that is $2,000 in addition to both the policies—on a stock of goods worth, according to the plaintiff's highest claim, only about that sum. There is nothing to indicate an intention that the permissions were to be cumulative.

*Judgment affirmed. Russell, J., dissents.*