LOE *et al. v.* BROWN.

1. All motions for continuance are addressed to the sound discretion of the court, and rulings of the trial judge upon such motion will not generally be reversed by a reviewing court, unless this discretion has been abused.

(a) In an action of ejectment in which the defendants relied primarily upon a deed from the plaintiff, as a muniment of title, the plaintiff had the right, in rebuttal, to attack such deed in any manner authorized by law; and therefore he had the right to show that such deed was invalid or void, and the fact that the defendant was surprised that the form of attack was different from that expected would not require a continuance of the case. Furthermore, the trial judge did not abuse his discretion in the present instance, because there was evidence upon the hearing of the motion for a continuance which would have authorized the court, in passing upon the motion, to find that the defendants were informed (or by the exercise of due diligence could have known) the precise contention of the plaintiff as to the invalidity of their title.

(b) Under the evidence presented to the trial judge on the hearing of the motion for a continuance, the court did not abuse his discretion by refusing to withdraw the case from the jury and continue the case.

2. The introduction of immaterial evidence, unless it is harmful, is not a good ground of a motion for a new trial. And a motion to exclude en bloc certain testimony as a whole need not be sustained if a portion of the evidence sought to be excluded is admissible.

3. Where a borrower executes to a lender a deed to secure a particular specified indebtedness, a subsequent indebtedness is not secured thereby, in the absence of a stipulation to that effect in the deed, unless there is a subsequent written agreement that such indebtedness shall be secured thereby; the latter agreement in writing is indispensable to enlarge the rights of the lender, and is a valid obligation as between the parties, though it might not affect the intervening rights of third persons.

4. Though there are a few immaterial verbal inaccuracies in the charge of the court, when the entire charge is read and considered as a whole, it must be held to be a clear and impartial presentation of the law of the case, and free from error.

(a) It is plain that the fact that the judge at one time referred to the Glynn County Bank as one of the defendants was due to inadvertence, and that the use of the name of that particular bank was a mere inaccuracy which could not have misled the jury, or prejudiced any of defendants' rights, especially in view of the fact, that another bank which had taken over all the rights of the Glynn County Bank, as well as its liabilities, is named as one of the defendants. *Lothridge* v. *Varnadore*, 140 *Ga.* 131 (2) et cit. (78 S. E. 721).

(b) The contentions of the defendants were presented with sufficient fullness, in the absence of a timely written request for a more specific and particular reference to such contentions. Where a party desires amplifications of his contentions to be presented to the jury, he should present a timely written request therefor.

5. In the absence of a proper written request, the court did not err in omitting to refer specifically to the documentary evidence introduced in the case, and in not differentiating between the oral testimony and the documentary evidence. The court in the general charge fully and fairly referred to the testimony as a whole. There was no written request for instructions upon the subject of documentary evidence; nor does it appear, upon a review of the charge as a whole, that the defendants were injured by the omission of which complaint is made.

6. The court submitted to the jury and sufficiently instructed them as to the material contentions insisted upon by the defendants, and plainly stated the issue raised by the plaintiff's testimony. If presentation of each specific point and reference to the particular evidence in support of such point were desired, such specific and particular instructions should have been requested.

7. The request that the judge charge the jury the rule laid down in the Civil Code, § 4537, to wit, "that when one of two innocent parties must suffer by the act of a third person, he who put it in the power of the third person to inflict the jury must bear the loss," was inapplicable in the present case; and for this reason the trial judge properly declined the request for instructions. For the same reason the court properly declined to charge as requested, and in immediate sequence, as follows: "And so in this case I charge you that if you find either the plaintiff or the defendant must suffer by reason of any unauthorized act of any other person, and if you find that it was the plaintiff who made it possible for such other person to do the unauthorized act, and that plaintiff and defendants both were innocent, any loss arising out of such unauthorized act would properly fall on plaintiff."

No. 3138.  FEBRUARY 13, 1923.  ADHERED TO ON REHEARING, MARCH 3, 1923.

Ejectment. Before Judge Summerall. Brantley superior court. February 4, 1922.

*F. M. Scarlett* and *Bennet, Twitty, & Reese,* for plaintiffs in error.

*Wilson & Bennett* and *Parker & Parker,* contra.

RUSSELL, C. J. In this case the defendant in error, who will be hereafter called the plaintiff, brought an action in ejectment against Clarence Loe, E. Balsom, J. F. Bennett, B. A. Bennett, Edward L. Stephens, Fred. E. Decker, and the Brunswick Bank & Trust Company, to recover 410-9/10 acres of land in formerly Wayne, now the new County of Brantley. The defendants relied upon a security deed made by the plaintiff himself, two subsequent conveyances, the one from the Glynn County Bank acting under a power of sale to the Glynn County Bank, and the other a deed from the Glynn County Bank to Fred. Decker and E. L. Stephens, who later conveyed the land to Loe. The jury returned a verdict in favor of the plaintiff, as follows: " We the jury find that plaintiff be restored his premises, with $1220.00 rents and profits, less note and interest $376, leaving $848.00 balance. Nov. 29th, 1921." The plaintiffs in error, hereafter referred to as the defendants, filed this bill of exceptions to the judgment of the trial judge in refusing a motion for new trial. One ground of the motion was an assignment of error upon the refusal of the court to grant a continuance. We shall first address ourselves to this ground of the motion; because, if the court erred in not granting the continuance, all of the subsequent proceedings in the trial become nugatory, and it will perhaps be unnecessary for us to deal with any of the other grounds of the motion for a new trial.

1. The motion for continuance was not made when the case was called upon the docket, and not until the plaintiff had rested on his prima facie case and the defendants had closed. But this fact, as we view it, is not material in the consideration of the question presented. The real question is, whether the court erred in overruling the showing as made, without regard to when the showing was presented, and even conceding that the same showing had been made at the beginning of the trial. By this we mean that if a showing upon the same grounds had been made at the beginning of the trial, would the court, in the exercise of a sound discretion, have been required to continue the case? The real point presented was, whether the court should continue the case by reason of the fact that the defendants were surprised to know that the

plaintiff was going to claim that the deed upon which they relied as a muniment of title was void by reason of the fact that the plaintiff had not signed the paper in its complete form at the time he delivered it, but had allowed another to prepare and fill in all of the substantial part of the conveyance in his absence. As all motions for continuance are addressed to the sound discretion of the court, rulings of the court upon such motions can not generally be reversed by a reviewing court, unless the discretion of the court has been abused; and therefore the question presents itself in another form, to wit, was the discretion of the court in the present instance abused? The court heard testimony from both parties upon the motion to continue. The record shows, in substance, the following facts: The defendants thought that they were prepared to defend against an affidavit of forgery, if it should be presented, because it is stated in the showing that they had witnesses who would swear that they saw the plaintiff sign the paper; also because the form of the original instrument in the possession of one of the defendants indicated genuineness, and because the deed had been recorded. But counsel for defendants stated that he was greatly surprised by the testimony of the plaintiff that the deed was wholly unfinished at the time he signed a blank piece of paper with the understanding that the contents of a deed were to be filled in after he left and before any delivery of the deed had been made (unless the delivery to the party who undertook to complete the deed was delivery to the grantee, by reason of the fact that this scrivener was pro vice an agent of the bank). Aside, however, from this evidence, there was testimony before the court that at least three or four months before the trial, at least two of the defendants had knowledge of the fact that the precise attack which was made upon the deed at the trial was going to be made.

The credibility of the witnesses introduced upon the hearing upon a motion for a new trial is entirely a matter for the trial judge; and (though there was conflict as to some of the matters to which the testimony related), applying the rule just stated, there was ample testimony to have authorized the judge to find that some of the parties, and even some of counsel for defendants, knew what would probably be the testimony of the plaintiff in rebuttal. Even if none of defendants' counsel knew this fact, the exercise of ordinary diligence would have required the parties

themselves to have brought this matter to the attention of their counsel before the beginning of the term at which the trial was to be had. So that the court did not abuse his discretion in this matter in overruling the motion for continuance. The supposition that no such attack would be made, by reason of the fact that the deed had been recorded, which merely permitted its introduction without proof of its execution, was not justified nor justifiable. The defendants must be presumed to have known that mere record did not render the document immune from any other forms of attack, such as fraud in the procurement, failure of consideration, etc., as well as forgery. However, as it also appeared upon the hearing of the motion for a continuance, in addition to the facts already stated, that Mr. Parker, of counsel for the plaintiff, stated to Mr. Decker, one of the defendants, in the month of September after the filing of the suit in May, that it would be Brown's contention that he signed the paper in blank, and did not actually execute a deed to secure a debt, and that this information was conveyed to counsel for the defendants by both Robb and Decker several days before the trial of the case, the court was authorized to find that counsel, as well as parties, had had a reasonable opportunity to prepare to meet this testimony, and therefore that counsel were not so much surprised at the testimony itself, as they were to find that it could be used in the case, and surprised to know that an affidavit of forgery was not the only attack as against the defendants' deeds which the law provided. Robb, one of the witnesses for whose absence the continuance was asked, was one of the defendants; and it appears from the testimony introduced on the hearing of the motion for continuance that Mrs. Beach, another witness, would not have disputed the testimony of the plaintiff as to the incomplete condition of the deed at the time he signed the same, but on the contrary would have testified merely that she did not remember what the condition of the deed was at the time Brown signed it. A similar point was decided in *McCurdy* v. *Terry*, 33 *Ga.* 49 (4), in which it was held: "The refusal of the court to suspend the trial and continue a case, to enable a party who is surprised by the testimony of a witness to obtain evidence to impeach him, is not a sufficient ground for a new trial." The testimony wanted in this case from both the absent witnesses was, in a sense, to impeach the witness Brown by

proving that the facts testified to by him were false. Also in *Zipperer* v. *Savannah,* 128 *Ga.* 135 (3) (57 S. E. 311), this court held: "The court is not bound to suspend the trial of a cause to enable a litigant to procure additional evidence." And to the same effect is the ruling in *Helms* v. *State,* 136 *Ga.* 801 (72 S. E. 246).

2. The first ground of the amendment of the motion for new trial complains of the admission of testimony by the plaintiff with reference to the diagnosis card which he said he stole while at the asylum. Granting, for sake of the argument, that the testimony objected to is immaterial, the introduction of immaterial evidence, unless it is harmful, is no ground for a new trial. *Chandler* v. *Mutual Life Industrial Association,* 131 *Ga.* 82 (2) (61 S. E. 1036). All the testimony, which is set out in the record in four paragraphs, was covered by one objection, and it appears from the record that a part of it was received in response to a question propounded by the defendants' counsel. So we think that for that reason, to say nothing of the fact that part of it was elicited by defendants' counsel, the court was not required to rule out the testimony. If a part of the evidence objected to is admissible, a general objection to the whole of it would be properly overruled. *Birmingham Lumber Co.* v. *Brinson,* 94 *Ga.* 517 (20 S. E. 437) ; *Robertson* v. *Heath,* 132 *Ga.* 310 (64 S. E. 73).

3. In the second ground of the amendment of the motion for a new trial exception is taken to the exclusion of the testimony of the defendant, Decker, that he considered the alleged deed to secure a debt as security for two loans, and that this was the understanding between himself and Brown,— that the deed was to secure the $300 expressed therein, and also another loan for the same amount, which was later made by the bank to Brown. We think the court ruled correctly. A deed made to secure a particular debt can not by any subsequent parol agreement be so extended as to secure other debts. *Hester* v. *Gairdner,* 128 *Ga.* 531 (2) (58 S. E. 165). Or, as expressed in an earlier decision, "No subsequent indebtedness of the borrower to the bank is secured by the deed, unless there is a written agreement that such indebtedness shall be thereby secured." *Fleming* v. *Georgia Railroad Bank,* 120 *Ga.* 1023 (48 S. E. 420).

4. The special grounds of the motion for a new trial from four

to eleven, inclusive, are all criticisms of the charge of the court. The first complaint is that contained in the fourth ground, in effect that the court unduly stressed the contention of the plaintiff, and that his recital of the contentions of the defendants was unduly meager. Upon an examination of the record we do not find this complaint sustained. There are perhaps a few more lines required to state the contentions of the plaintiff than those of the defendants. But even the difference as to the space taken and the number of words used is not very pronounced; and as to the language used, the contentions of the defendants were perhaps couched in stronger terms than those of the plaintiff. The contentions of each were stated more than once, and in one place in the charge, even in stating the contentions of the plaintiff, the judge places upon him the burden of proving these contentions by the preponderance of the evidence, and tells the jury that his contentions are not evidence, and must be supported by proof, or they are valueless. The fifth special ground complains that the contentions of the plaintiff are more strongly stressed than those of the defendants; but what we have said as to the fourth ground applies with equal force to this exception. " The mere fact that the contentions of the plaintiff were stated at more length than those of the defendant did not indicate that undue stress was laid upon or undue prominence given to the former." *Atlanta Consolidated St. Ry. Co.* v. *Bagwell,* 107 *Ga.* 157 (33 S. E. 191); *Phinizy* v. *Bush,* 135 *Ga.* 678 (3) (70 S. E. 243).

Another exception to the charge is based upon the fact that the court omitted to charge the jury the force and effect given by law to a properly executed and duly recorded deed. It is true that the court did not refer specifically to this particular part of defendants' case,— this evidentiary element of the defense; but the charge as related to the defendants' answer was ample, full, and fair, in the absence of a written request for specific instructions upon this point or others of the same nature. There is another criticism in the sixth ground, presented by the assignment of error that in using the word " preponderance," as applied to the evidence of the defendants, the court placed upon the defendants the burden which was, as a matter of law, upon the plaintiff. It must be admitted that the expression of the judge was inaccurate, but in our opinion it was harmless, because the charge as

a whole unquestionably placed the burden of the whole case upon the plaintiff. The judge several times told the jury that the burden of the case was upon the plaintiff, and that he must prove his contentions by a preponderance of the evidence. In one instance his language was as follows: "I charge you that the burden is upon the plaintiff to make out his case, that is the plaintiff must prove his contentions by a preponderance of the evidence." In another portion of the charge, after stating the contentions of the plaintiff, the court told the jury, "These are the contentions of the plaintiff. They are not proof; and unless sustained by the evidence introduced in the case and the facts and circumstances, then he should not recover."

Exceptions in the seventh, eighth, and ninth grounds of the motion are so palpably without merit that it is only necessary to say, as to these, that we find no error. The tenth ground of the motion affords no cause for reversal of the judgment refusing a new trial. The defendants can not complain that they were injured by having a deduction of $376 from the amount the jury found to be due the plaintiff as mesne profits, even though there is nothing in the pleadings upon that subject. The judge may instruct the jury in some instances as to matters which are admitted in open court, even though not referred to in the pleadings. Complaint is also made that the court referred to the Glynn County Bank as a defendant. We have no doubt that this mistake was due to inadvertence on the part of the trial court; but it is a mere inaccurate expression which could not possibly have misled the jury, or prejudiced the case against the defendants. While technically the Glynn County Bank was not a party, it was in a real sense a defendant, because it was admitted that it had been absorbed by or merged with the Brunswick Bank and Trust Company, which is a defendant, and all of the transactions of which the plaintiff complained, as well as the title upon which the defendants depended, were those of the Glynn County Bank. What has been said as to the tenth ground of the motion for a new trial applies to the eleventh ground; and for that reason we do not think that the exception in the latter ground is meritorious.

5. The court did not give any definite or special instructions to the jury with reference to the documentary evidence which had been introduced. But we do not think this omission was error.

The court several times referred to the evidence, without differentiating between oral testimony and documentary evidence. But the charge complained of was not misleading or incorrect, though it was slightly inaccurate. There is nothing to indicate that the jury failed to get the real issue clearly in mind, and the language is sufficiently plain for the jury to have clearly understood the respective contentions of the parties.

6. An inspection of the charge shows that there is no merit in the contentions as contained in the thirteenth ground of the motion for a new trial, that the court failed to instruct the jury the contentions insisted upon by the defendants. The court charged: "The defendants claim that the plaintiff executed and delivered to Glynn County Bank the deed to secure debt which has been introduced in evidence, and which you will have out with you in connection with the other evidence introduced in the case and the pleadings of file therein; that the premises were sold under the power of sale in said deed; that the sale was strictly in accordance with the provisions of the said deed and power of sale, and passed all of the title of the plaintiff in the premises sued for; that subsequently the Glynn County Bank conveyed the premises to Stephens and Decker, who in turn conveyed to Clarence Loe; that by virtue of such sale the plaintiff, it is claimed, is not entitled to recover the premises and mesne profits, and that therefore your verdict should be in favor of the defendants." Viewing this extract from the charge in connection with the charge as a whole, we hold that the instruction was not erroneous for the reasons assigned. If the defendants had desired a more extended charge on their contentions, they should have prepared the same and submitted it to the court. When parties desire amplifications of their contentions given in charge to the jury, they should present a timely written request therefor. *Alabama Great So. R. Co.* v. *Brown,* 140 *Ga.* 792 (5) (79 S. E. 1113, Ann. Cas. 1915A, 1159); *Georgia & Fla. Ry. Co.* v. *Tapley,* 144 *Ga.* 453 (2) (87 S. E. 473, L. R. A. 1916C, 1020).

7. The fourteenth ground of the motion assigns error upon the refusal of the court to charge the rule laid down in the Civil Code, § 4537, as follows: "The law is that when one of two innocent persons must suffer by the act of a third person, he who puts it in the power of the third person to inflict the injury must

bear the loss." This section was codified from the decision of this court in *Blaisdell* v. *Bohr*, 77 *Ga.* 381; upon a state of facts entirely different from the facts of the case at bar; and this principle was not applicable in the present case. It is insisted by the defendants that Robb was the agent of the plaintiff. On the other hand it is insisted by the plaintiff that Robb was not his agent, and there were circumstances which would authorize a finding that he was an agent of the bank. Under these circumstances the requested charge was plainly inapplicable; for if section 4537 had been given in charge, it would have been an expression on the part of the judge as to which of the two was really the agent of the bank. Such an intimation as to any part of the evidence is expressly forbidden under the "dumb act" (Civil Code, § 4863).

In the fifteenth ground complaint is made that the judge refused to give in charge substantially the same principle as that embodied in the code section referred to in the fourteenth ground; and for the same reasons as given in our ruling upon the fourteenth ground, we hold that the trial judge correctly refused to give the requested instruction.

*Judgment affirmed. All the Justices concur, except Atkinson, J., dissenting.*