26932.   MORRIS *v.* THE STATE.

Decided September 9, 1938.

*W. B. Knight,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold,* contra.

MacIntyre, J.   Carl Morris was convicted of larceny of an automobile.   His motion for new trial was overruled, and he excepted.

The evidence of the officers of the law, most favorable to upholding the verdict of conviction, in effect shows that the defendant, within a few days after the time of the theft, was driving the automobile, hit a bank, wrecked the car, and thereafter made three statements about the car.   The first was that he got it from "a fellow named Burns that was living with his brother on Hills Avenue."   The officers went out to investigate, and then went back and told the defendant that they had investigated it, and that there was no man named Burns there; and the defendant "finally admitted that there was not."   The second was that "Jack White stole the automobile and took the radio out."   Then the officers carried Jack White into the defendant's presence at the jail.   When faced by White, the defendant made his third statement, retracting his charge against Jack White that White was the one who had stolen the car, and admitting that he (defendant) himself had stolen it.   The circumstances of his final statement to the officers

are set out as follows in the testimony of officer Green: "When we got there his brother said tell the truth. He [Carl Morris] first started off by saying that the radio was done away with by the man who stole the car, and I asked him who that was, and he said Jack White, and 'Jack was with us,' and Jack said, 'You must have got hit on the head mighty hard to tell that; go ahead and tell the truth,' and then he went ahead and told us about stealing it some where near the Trust Company of Georgia Building. He said that no one was with him at the time he stole it. That was the only time that I talked with this defendant."

■ The judge charged the jury: "You gentlemen are the exclusive judges of all issues of fact involved in the case. It is your duty to determine the truth of those facts and apply them to the law and make your verdict. In determining the weight you will give to the testimony of the witnesses, you have the right to take into consideration their manner and deportment upon the witness-stand as they were examined in your presence, their intelligence, their interest or want of interest, their relationship or lack of relationship, the opportunity they have for knowing the facts to which they testified, and the reasonableness or unreasonableness of their testimony in your opinion. *You may also judge of the credibility of the witnesses from their personal appearance upon the witness-stand.*" [Italics ours.] The defendant excepted to that part of the charge italicized, on the ground that the charge was erroneous, the effect being to confuse, mislead, and prejudice the jury. This charge is not reversible error, under the decision of our Supreme Court in *Georgia Home Insurance Co.* v. *Campbell,* 102 *Ga.* 106 (29 S. E. 148), where it was said: "We do not, however, approve of the use of the word 'personal' before the word 'appearance' in this connection. Such use, however, should not be held ground for a new trial, and we content ourselves with suggesting the omission of it by our brethren of the trial bench when charging upon this subject." This ground has thus already been ruled on adversely to the contention of the defendant. See also *Rouse* v. *State,* 136 *Ga.* 356, 362 (71 S. E. 667); *Union* v. *State,* 7 *Ga. App.* 27, 28 (66 S. E. 24).

■ The confession of the defendant was sufficiently corroborated by other testimony to authorize the jury to find him guilty, under the facts as shown in the preceding statements. *Barnes* v. *State,*

*57 Ga. App.* 183 (2) (194 S. E. 839); *McDuffie* v. *State,* 17 *Ga. App.* 342 (3) (86 S. E. 821).

■ The judge did not abuse his discretion in refusing to grant a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*