20266. SHEPPARD, by Guardian *v.* BROOME.

DUCKWORTH, Chief Justice. 1. After charging that undue influence is that influence obtained by flattery, superiority of will, mind, or character, which would give dominion over the will to such an extent as to destroy free agency, or constrain one to do against his will what he is unable to refuse, the court then charged: "Undue influence which operates as a matter of law to invalidate a deed is such influence as amounts to either deception or to force and coercion, thereby destroying free agency. It is not unlawful for a person by honest intercession and persuasion to procure a deed in favor of himself from another. Neither is it unlawful to induce the grantor by flattering speeches, for where persuasion may be employed in itself, it does not amount to undue influence in the legal sense." The quoted portion of the charge is objected to as being too narrow and restrictive, argumentative, not adjusted to the facts, without evidence to support it, and contradictory of the earlier definition of undue influence. We have examined the charge as a whole after considering the evidence, and do not find any merit in the grounds of complaint thus made. Hence this ground is without merit. See *DeNieff* v. *Howell,* 138 *Ga.* 248 (6) (75 S. E. 202); *Ward* v. *Morris,* 153 *Ga.* 421 (3) (112 S. E. 719).

2. In charging with respect to the practice of fraud or undue influence, the court charged: "if you find that Curtis M. Sheppard did have mental capacity to make a deed on March 21, 1955, . . . that no fraud or undue influence was practiced on Curtis Sheppard by the defendant Broome, if you find that there was not such great inadequacy of consideration or such great disparity of mental ability" to justify setting aside the deed, you would not set aside the deed and return a verdict in favor of the defendant. The charge was in approximately the same language with reference to the second deed executed on April 19, 1955, that, if Sheppard was mentally capable of executing a deed and "on that date no fraud or undue influence as charged in the petition was practiced," and no such great inadequacy of consideration joined with great disparity of mental ability which would justify setting the deed aside, the verdict would be for the defendant. The grounds of complaint are that the charge was too narrow and restricted with respect to the practice of fraud by restrict-

ing it to the dates the deeds were executed, when in fact such fraud had been practiced for a period of approximately a year prior to the execution of the deeds, and the jury was not authorized by the charge to consider evidence of fraud or undue influence practiced prior to these dates; that, in reference to the first deed, it failed to charge "great inadequacy of consideration joined with great disparity of mental ability," but considered each separately and placed a greater burden upon the movant to show such great inadequacy of consideration or such mental disparity as to justify a recovery. That the influence must be operative at the very time the instrument is executed, there can be no doubt. *Thompson* v. *Davitte*, 59 *Ga.* 472, 475; *Brumbelow* v. *Hopkins*, 197 *Ga.* 247 (2) (29 S. E. 2d 42). And since neither inadequacy of consideration nor mental disparity is a ground for setting a deed aside when considered alone, the charge complained of would have been helpful rather than harmful to the movant. However—considering the charge as a whole—the trial judge made it clear that both of the foregoing elements must be joined in the same transaction to justify setting the deeds aside. Hence there is no merit in this special ground.

3. Weakness of mind not amounting to imbecility is not sufficient mental incapacity to justify setting a deed aside. *Maddox* v. *Simmons*, 31 *Ga.* 512 (2,3,4); *Nance* v. *Stockburger*, 111 *Ga.* 821 (36 S. E. 100); *Johnson* v. *Coleman*, 134 *Ga.* 696 (68 S. E. 480); *Durrett* v. *McWhorter*, 161 *Ga.* 179, 186 (129 S. E. 870); *Higgins* v. *Trentham*, 186 *Ga.* 264, 268 (197 S. E. 862). This charge, when considered with the entire charge, did not confuse and mislead the jury. A correct charge is not rendered erroneous by failure to give in the same connection some other pertinent provisions. *Central of Ga. Ry. Co.* v. *Grady*, 113 *Ga.* 1045 (3) (39 S. E. 441); *Cline* v. *Milledgeville Banking Co.*, 131 *Ga.* 611 (2) (62 S. E. 984); *Seaboard Airline Ry.* v. *Randolph*, 136 *Ga.* 505 (3) (71 S. E. 887). Nor did the court err in charging that "the holder of the legal title, if competent, has the right to make a deed to his property without consulting anyone," since there was evidence by the wife that she should have been consulted before her husband sold the property. The entire charge was adapted to the pleadings and the evidence, and was not erroneous in failing to refer to other contentions when charging on certain contentions and issues in the case. There is no merit in the

grounds complaining of various excerpts from the charge which state correct principles of law yet fail to mention other contentions and issues in the case.

4. A recharge of a certain portion of a charge at the request of the jury, where the original charge has fully covered the issues involved, would not be ground for reversal on the basis that the restatement re-emphasized and impressed upon the minds of the jurors the contentions of the defendant and did not restate all the contentions of the plaintiff. See *Hatcher* v. *State,* 18 *Ga.* 460 (5) ; *Short* v. *State,* 140 *Ga.* 780 (9) (80 S. E. 8) ; *Carrigan* v. *State,* 206 *Ga.* 707 (10) (58 S. E. 2d 407). Clearly the recharge complained of in the fourth special ground had reference to mental capacity to make a deed, and did not have reference to other issues of undue influence and fraud. Nor did the restatement complained of in special ground eleven re-emphasize the contentions of the defendant and not restate the contentions of the plaintiff. There is no merit in either of these grounds.

5. The fifth special ground objects to a charge that a deed may be executed by the grantor because of likes, dislikes, and prejudices, and would not be set aside even though such likes, dislikes, or prejudice might be well founded or unfounded, in that it was argumentative, erroneous, confusing, intimated an opinion that dislikes and prejudice might be inferred from the evidence, and there were no allegations or evidence that the grantor entertained dislikes or prejudice toward any person, and the charge was not appropriate to a case concerned with cancellation of deeds. There was evidence that the grantor liked the defendant; that he had attempted to get the property rezoned, and the defendant planned to distribute his company's gasoline through the service station to be constructed after it was zoned for business. The opposite of likes is dislikes and a person may be prejudiced for or against someone or something. The charge was adapted to the evidence, and there was no error in charging as above. See *Carter* v. *Dixon,* 69 *Ga.* 82, 90; *Brumbelow* v. *Hopkins,* 197 *Ga.* 247 (1), supra; *Moreland* v. *Word,* 209 *Ga.* 463 (9) (74 S. E. 2d 82).

6. In charging on Code § 37-710 on inadequacy of consideration, the court charged, in addition to twice giving the language of the Code section, that "the law does not say that a man may not get a bargain," and "the law recognizes that no two

men have the same mental ability, and that there is some disparity of mental ability between all persons who deal with each other." The charge is objected to as being argumentative and tended to discount and minimize the allegations and evidence upon the issue respecting disparity of mental ability and value of the property deeded. The charge helped explain the meaning of the language of the Code section and is not argumentative. This ground is without merit.

7. The excerpt that "badges of fraud are circumstances, signs, marks, suspicions, not of themselves sufficient to authorize a finding, unless more than one combined," is a correct statement of law, and it was not error because, as erroneously contended, only one badge of fraud, if not rebutted or satisfactorily explained, might authorize a finding in favor of the party attacking the transaction as fraudulent. See *Bank of Waynesboro* v. *Ellison,* 162 *Ga.* 657 (2) (134 S. E. 751). The ground complaining of this excerpt is without merit.

8. The mere fact that the court used the words "the witness' manner and deportment" instead of "the witness' manner of testifying," when charging upon determining where the preponderance of the evidence lies, would not render the charge erroneous since the meaning is unchanged. See *Georgia Home Ins. Co.* v. *Campbell,* 102 *Ga.* 106 (3) (29 S. E. 148); *Morris* v. *State,* 58 *Ga. App.* 383, 384 (198 S. E. 554). This ground is without merit.

9. The charge was not argumentative but was adjusted to the evidence, where the court instructed the jury that, if the jury should find the grantor was in such feeble condition of mind and body due to dissipation before and after the date of the deeds as to render him incapacitated, yet if it appears that, on the occassion when the deeds were executed, he was sober and of sufficient mental capacity to dispose of his property with intelligent understanding of what he was doing, the deed could not be canceled because of mental incapacity.

10. The question for determination was the value of the property on the dates the deeds were executed, and the court properly instructed the jury that the only valuation of property the jury would be concerned with in deliberating on this point was its value at the time the deeds were executed; hence the court did not err in charging "whether or not the property has increased or diminished in value since the date of these deeds, is not a question for your consideration." There is no merit in this ground.

11. The charge having covered in detail the contentions of the parties, the restatement of the contentions of the defendant in this part of the charge, which the movant complains was argumentative, unduly stressed the contentions of the defendant, and contained a summary of the evidence, is not subject to the complaints made, since it was not argumentative but stated contentions and not reasoning and deductions and inferences shown by the evidence in support of the contentions. *Phinizy* v. *Bush,* 135 *Ga.* 678 (3) (70 S. E. 243); *Loe* v. *Brown,* 155 *Ga.* 24, 29 (116 S. E. 309); *Richter* v. *Atlantic Co.,* 65 *Ga. App.* 605, 609 (16 S. E. 2d 259). Nor did the court sum up certain evidence or charge on allegations· or evidence not in the record. There is no merit in the thirteenth special ground.

12. A charge torn to pieces and scattered in disjointed fragments may seem objectionable although, when put together and considered as a whole, it may be perfectly sound. *Terry* v. *Buffington,* 11 *Ga.* 337 (7) (56 Am. Dec. 423); *Brown* v. *Matthews,* 79 *Ga.* 1 (1) (4 S. E. 13); *Emory University* v. *Lee,* 97 *Ga. App.* 680, 700 (104 S. E. 2d 234); *Buttersworth* v. *State,* 200 *Ga.* 13, 24 (36 S. E. 2d 301); *Smith* v. *Davis,* 203 *Ga.* 175 (7) (45 S. E. 2d 609). The fragment lifted out of context here, that "the plaintiff is required to prove all of the allegations he makes, except those that are admitted," is generally a true statement of law when the court is charging on the burden of proof. Clearly the judge charged on the different grounds the plaintiff relied on for cancellation of the deeds, hence this ground is without merit.

13. Where counsel elicits testimony from a witness unfavorable to his client, he will not be heard to object to it, if it is a direct and pertinent response to the question propounded. *Anderson* v. *Brown,* 72 *Ga.* 713, 723; *Tift* v. *Jones,* 77 *Ga.* 181 (3) (3 S. E. 399); *Mickle* v. *Moore,* 188 *Ga.* 444, 449 (4 S. E. 2d 217); *Thomas* v. *State,* 213 *Ga.* 237, 239 (98 S. E. 2d 548). Complaint is here made to an answer by a witness to a question asked by counsel for the movant, in regard to whether the property in question could be used for business, in which the reply was that it "wasn't desirable for business use at that time, in fact it couldn't be zoned." Counsel objected to the answer in that the record was the highest and best evidence whether it could be used for business, and the court ruled that he had elicited the answer. There is no merit in the fifteenth special ground.

14. Whether evidence as to sales of similar property is admissible lies within the sound discretion of the trial judge. *Flemister* v. *Central Ga. Power Co.*, 140 *Ga.* 511, 515 (79 S. E. 148); *West* v. *Fulton County*, 95 *Ga. App.* 320 (97 S. E. 2d 785). The objection here is to the allowance in evidence of testimony elicited on cross-examination of the plaintiff's witness as to the sale of property made by the witness within one-half a mile of this property in 1954. One of the issues created by the pleadings was a contention by the plaintiff that the area was fast developing into a growing business center, as opposed to the defendant's contention that it was not developing as alleged by the plaintiff. However, the issues created by the pleadings as to the area of development did not clearly define the area, and it can not be said that the court abused its discretion in allowing the evidence. There is no merit in the sixteenth special ground.

15. An expert witness testified, over objection, that he could not put a value on property having a beautification easement, "because it can't be used for anything as long as beautification easements are there, as far as residential use is concerned." Elsewhere the witness testified to the effect of beautification easements on other property; and since the easement referred to would not authorize the construction or erection of buildings, fences, or other obstructions without the authority of the Highway Board, the witness was authorized to testify as to his expert opinion as to the value of the property with such an easement thereon. There is no merit in the seventeenth special ground. Having found no error in any of the special grounds and the general grounds having been expressly waived, we hold that the court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 10, 1958—DECIDED JANUARY 12, 1959—
REHEARING DENIED FEBRUARY 6, 1959.

*Carl T. Hudgins,* for plaintiff in error.
*Thomas O. Davis, W. Dan Greer,* contra.