## 51994. PRICE v. THE STATE.

MARSHALL, Judge.

Appellant was convicted on two counts: burglary and arson in the first degree. The sole question presented by this appeal is whether the evidence is sufficient to support the jury verdict on both counts. *Held:*

The evidence presented by the state at trial showed that a dwelling house belonging to Mrs. Ethel Etheridge was burglarized while she was out of town visiting relatives. The burglary was discovered by Mrs. Etheridge's caretakers whom she had asked to look after the house during her absence. The caretakers notified the sheriff and an inventory of stolen items was made. Two days later, at approximately 1:00 a.m. the house burned to the ground. Because of rainy weather after the fire, investigation as to the cause of the fire was not conducted.

One Jerry Black testified for the state that shortly after the fire, appellant came to his house and either sold or gave him a clock, a toaster, and a wash cloth, a pillowcase, and some hand towels with the initials "E" and "E.E." on them. All of these items were identified by Mrs. Etheridge as her property. Jerry Black's wife testified that she was present when appellant brought these items to their house.

Jerry Black further testified that approximately two months later appellant showed him some traveler's checks with the name Ethel Etheridge on them. At that time, appellant told Black that "he had broken into this house in Schley County and he stole this stuff and he — a couple of days later he got to thinking about it, that he was drinking at the time he broke into this house, and he was scared that he had left some fingerprints, so he got him two plastic milk jugs filled with gasoline and went back and burnt the house down. Now that's what he told me." (T. 52, 53)

Two other witnesses for the state testified that on the night of the fire they were driving home and passed a green 1954 Chevrolet (appellant owned a green 1954 Chevrolet) driving from the direction of the Etheridge house and approximately one mile therefrom. As they drove further down the road, they saw the fire at the

Etheridge house "when the house was just starting to flame."

Appellant testified that he did not burglarize nor burn the house and that Jerry Black held a grudge against him and "was going to get me one way or the other" for some unknown reason.

The state's evidence is sufficient to support the jury's verdict of guilty on both counts. The confession made by appellant to Jerry Black if corroborated would authorize the verdict. The corpus delicti in both the burglary and the arson offenses was sufficiently established aliunde the confession. See *Smith v. State,* 64 Ga. 605 (1); *Morris v. State,* 58 Ga. App. 383 (2) (198 SE 554). See also *Gilder v. State,* 219 Ga. 495 (2) (133 SE2d 861); *Hilliard v. State,* 128 Ga. App. 157 (7) (195 SE2d 772).

Appellant contends that the state did not prove that the fire was not caused by a spark or faulty wiring or some other cause and therefore the state's evidence does not exclude every reasonable hypothesis save that of his guilt. However, this court has stated in earlier arson cases, "The proved facts must not only be consistent with such reasonable hyptheses of guilt as are ordinarily drawn by ordinary men in the light of their experiences in everyday life, but must exclude every other reasonable inference so drawn save the guilt of the accused. When we measure this case by that yardstick, it is our view that the evidence sustains the verdict. To sustain a conviction, it is not required that the evidence exclude every possibility or every inference that may be drawn from proved facts. It is only necessary to exclude reasonable inferences and reasonable hypotheses which may be drawn from the evidence under all the facts and circumstances surrounding the particular case." *Graves v. State,* 71 Ga. App. 96, 99 (30 SE2d 212). See also *Lockhart v. State,* 76 Ga. App. 289 (1) (45 SE2d 698). The facts in the present case exclude other reasonable inferences and sustain the conviction.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

Submitted April 7, 1976 — Decided May 7, 1976.

*Smith & Jones, Henry O. Jones, III,* for appellant.
*Claude N. Morris, District Attorney,* for appellee.