*Little & Adams, Robert B. Adams,* for appellee.

### 52633. PRYOR v. THE STATE.

WEBB, Judge.

Bennie Pryor appeals his conviction of burglary, contending that the trial court erred in overruling his motion for a directed verdict and his motion for new trial on the general grounds. There was evidence that the police officer responded to a silent alarm at the Railroad Salvage Yard. He proceeded immediately to the location and saw three males run from the back door. He gave chase and caught appellant after he crawled through a hole in the back fence. Behind the building were several lamps, a radio and a calculator. The back door was open and a rear window broken. Appellant claimed that he was shooting dice with two unknown persons; but the jury apparently did not believe that appellant was out on a December night gambling inside the fenced area with two men he did not know.

"[I]n reviewing the overruling of a motion for directed verdict of acquittal we will utilize the standard used in reviewing the overruling of a motion for new trial on the ground that the verdict is contrary to the evidence, i.e., the 'any evidence' test." *Bethay v. State,* 235 Ga. 371, 375 (219 SE2d 743) (1975). " 'It is not necessary . . . in order to sustain a verdict of conviction, that the evidence exclude every possibility or every inference that may be drawn from the proved facts, but only necessary to exclude reasonable inferences and reasonable hypotheses.' " *Coachman v. State,* 236 Ga. 473, 475 (224 SE 2d 36) (1976).

Measured by these standards, we find no error.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 14, 1976 — DECIDED SEPTEMBER 22, 1976 — REHEARING DENIED OCTOBER 7, 1976.

*Hinton R. Pierce, Stanley C. House,* for appellant.

*Richard E. Allen, District Attorney, Steve Curry, J. Bacheller Flythe, Assistant District Attorneys,* for appellee.