## 53414. MAYFIELD v. THE STATE.

WEBB, Judge.

Steven Edward Mayfield appeals from his conviction of burglary.

1. Mayfield contends that the state failed to make out a prima facie case of burglary against him inasmuch as the only evidence introduced at trial was that of recent possession of stolen goods. This assertion is not supported by the transcript.

The evidence showed that Mayfield was employed by Guardsmark Security Company as a uniformed security guard and was assigned to patrol a building at 1776 Peachtree Street in Atlanta. Sometime between Friday night, December 5, and Monday morning, December 8, 1975, five IBM Selectric typewriters were stolen from the offices of Lockwood-Greene Engineers located in that building. Luke Greene testified that when he opened the business on Monday he saw that the five typewriters were gone; that he also observed some reinforced masking tape near the doors where entry was made; that no one had been authorized to remove the typewriters; and that he did not know Mayfield and had never given him such

authority. He reported the serial numbers of the stolen typewriters to the police.

Mayfield's supervisor told the jury that Mayfield was assigned to the 1776 building on the weekend when the burglary occurred; that his duties were to patrol the building and make sure the doors were secured and locked; and that he failed to report back to work after the weekend of December 6 and 7.

W. L. Dixon, the owner of a used car lot in Decatur, testified that Mayfield came to his business on December 9 and asked him if he would be interested in buying a typewriter. He had four IBM Selectric typewriters on the floor of his car in the rear seating area covered with towels. After some dickering, Dixon bought one typewriter for $50, but because he was "a little bit worried" that it was "hot" he wrote down the license tag number of Mayfield's car and the I. D. number of the typewriter on the check he cashed to pay Mayfield. The next day Mayfield telephoned Dixon and came to buy back the typewriter, telling Dixon that someone had "got greedy" and been caught when they went back to get more typewriters. In the meantime Dixon called the police who were there waiting for Mayfield when he arrived.

Detective Larry Walker of the DeKalb Police Department testified that he arrested Mayfield with the stolen typewriter at Dixon's place of business, and that he took oral and written statements from Mayfield after advising him of his rights, which he waived in writing. In the written statement Mayfield stated that he was given two typewriters to sell by the persons who stole them, but that he did not know they were stolen. Subsequently, in his oral statement, Mayfield told Detective Walker that he assisted in the burglaries and put tape over the locks of office doors so the locking mechanism would not fully engage.

This evidence, including Mayfield's confession and recent possession of stolen property, is amply sufficient to support the jury's finding of guilt. *Price v. State,* 138 Ga. App. 558 (226 SE2d 799) (1976); *Pryor v. State,* 139 Ga. App. 814 (229 SE2d 670) (1976). Accordingly, the enumeration based upon denial of the motion for new trial on the general grounds is without merit.

2. Mayfield argues that the trial court erred in refusing to grant his motion to dismiss and for directed verdict of acquittal because the state failed to prove unauthorized entry which is a material element of the offense of burglary. We find no merit in this contention which, apparently, is premised upon the testimony of Mayfield's supervisor that his general duties were to patrol "the *entire* building." As previously discussed, Luke Greene testified that no one was authorized to enter or remove any property from his business office on the weekend the burglary occurred. He specifically stated that he did not know Mayfield and never gave him permission to enter the office or to remove any typewriters. This evidence clearly established Mayfield's lack of authority to enter. See *Paschal v. State,* 139 Ga. App. 842 (2) (229 SE2d 795) (1976).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED FEBRUARY 15, 1977 — DECIDED FEBRUARY 17, 1977 — REHEARING DENIED MARCH 2, 1977.

*Spruell, Feldman & White, Monroe J. Feldman,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald G. Frost, Assistant District Attorneys,* for appellee.