*J. Alfred Johnson,* for appellee.

## 64638. BOWERS v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and convicted of robbery and burglary. The evidence, construed most strongly in support of the verdict, would authorize the following findings: The victim, Mr. Parrish, was at home alone when he heard a noise outside of his house. He went to investigate. Mr. Parrish's house has two front doors, one opening from inside onto a screened-in front porch and a screen door opening from that porch directly outdoors. As he walked out of the first door leading to the porch, Mr. Parrish observed the appellant approximately fifteen feet away walking out the screen door. Appellant was carrying Mr. Parrish's lawnmower. The screen door, which had been locked, was now torn "to splinters" and ripped from its frame. When Mr. Parrish told the appellant to put down the lawnmower, he was rendered unconscious, apparently from being struck. When Mr. Parrish regained consciousness, he found his wallet and lawnmower gone. Mr. Parrish later selected appellant's picture from a photographic lineup shown to him by an investigator.

1. Appellant contends that the evidence of his identity as the perpetrator of the offenses was insufficient to support his convictions. "After the jury has returned a verdict of guilty, where the defendant seeks a reversal of his conviction on appeal by arguing either that the trial court erred in failing to direct a verdict of acquittal or asserting the insufficiency of the evidence, the only question presenting itself to the appellate court is whether there is sufficient evidence to satisfy a rational trier of fact of the essential elements of the crime charged beyond a reasonable doubt. [Cit.] It is the function of the jury not the appellate court, to determine the credibility of witnesses and weigh any conflict in the evidence. The appellate court views the evidence in the light most favorable to the jury's verdict after it has been rendered. [Cit.] We find sufficient evidence in the transcript of this trial to satisfy that test." *Hudgins v. State,* 159 Ga. App. 723, 724 (285 SE2d 73) (1981).

2. Appellant asserts that no entry into the dwelling was shown and that, therefore, the evidence was insufficient to support the conviction of burglary. See *Knowles v. State,* 124 Ga. App. 377, 378 (183 SE2d 617) (1971). Mr. Parrish testified that, before the incident, the screen door to the porch had been locked. When he went to investigate the noise, he found that the screen door had been torn

down. And finally, Mr. Parrish testified that he saw appellant "just walking" out the screen door, carrying the lawnmower. This is sufficient evidence to authorize a finding of unauthorized entry. See generally *Mayfield v. State,* 141 Ga. App. 483, 485 (2) (233 SE2d 833) (1977).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 19, 1982.

*Christopher A. Townley,* for appellant.
*David L. Lomenick, Jr., District Attorney,* for appellee.